UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'MARCO CRAFT AND MICHAELE
JACKSON,

Plaintiffs,

v.

RICHARD BILLINGSLEA, HAKEEM
PATTERSON, CITY OF DETROIT,
MANA YOSSIF, JOHN DOE
PONYTAIL, JOHN DOE PHONE-
TAKER, AND ANTOINE HILL,
Defendants.
_____/

Case No. 17-cv-12752

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
RENEWED MOTION TO DISMISS [8], AND SETTING DEADLINE FOR ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT [7]**

**I.**

Plaintiffs D'Marco Craft and Michaele Jackson filed an initial Complaint on August 22, 2017, and amended their Complaint on September 28, 2017. Dkt. Nos. 1, 7. The Defendants in this action are the City of Detroit, Michigan and Detroit police officers Richard Billingslea, Antoine Hill, Hakeem Patterson, Mana Yossif, John Doe Ponytail, and John Doe Phone-Taker. Dkt. No. 7, pp. 2–3 (Pg. ID 55–56).

Plaintiffs assert fourteen causes of action against the Defendants, which are as follows:

1

- Use of excessive force against Jackson in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count I);
- Unlawful arrest of both Plaintiffs on May 31, 2017 under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count II);
- Unlawful seizure of Craft's cell phone under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count III);
- Unlawful search of Craft's cell phone under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count IV);
- Unlawful prevention of Craft from exercising his First Amendment right to record the police in a public place, under 42 U.S.C. § 1983 and the First and Fourteenth Amendments (Count V);
- Conversion of Craft's cell phone under Michigan Compiled Laws 600.2919a (Count VI);
- Assault and battery of both Plaintiffs under Michigan law (Count VII);
- Unlawful search and arrest of Craft on April 27, 2016, under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count VIII);
- Malicious prosecution of Craft regarding his April 27, 2016 arrest (Count IX);
- Unlawful detention and search of Craft in June or July 2016, under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count X);
- Unlawful arrest of Craft in December 2016, under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count XI);
- Unlawful search and arrest of Craft on March 14, 2017, under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments (Count XII);
- Malicious prosecution of Craft regarding his March 14, 2017 arrest (Count XIII); and
- Violation of 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments as against the City of Detroit (Count XIV).

Defendant City of Detroit and Defendants Billingslea and Patterson filed on September 30, 2017 a Renewed Motion to Dismiss Plaintiffs' Amended Complaint. Dkt. No. 8. On October 23, 2017, Plaintiffs responded to the motion, and the Defendants have not filed a reply to Plaintiffs' response. *See* Dkt. No. 15.

Presently before the Court is the Defendants' Renewed Motion to Dismiss Counts VIII, IX, XII and XIII of the Complaint [8]. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court has determined this motion without a hearing. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [8]. The Court GRANTS Defendants' motion on Counts IX and XIII, and DENIES Defendants' motion on Counts VIII and XII.

## II.

Plaintiffs are D'Marco Craft and Michaele Jackson. The issues relevant to the present motion, however, only pertain to Plaintiff Craft. Defendants are the City of Detroit, Michigan and several Detroit police officers. The Defendant police officers relevant to this motion are Defendants Richard Billingslea, Hakeem Patterson, Mana Yossif, and Antoine Hill.

Craft's claims here relate to two incidents in which he was arrested by certain Defendant police officers. First, around April 27, 2016, Plaintiff claims he was standing in the driveway of a relative's home when suddenly Defendants Billingslea, Patterson, and Yossif detained him. Dkt. No. 7, p. 13 (Pg. ID 66). Craft asserts that the officers physically assaulted him and "told [him] that he was inciting a riot." *Id.* As a result of this incident, Craft was charged with disorderly person and inciting a riot. *Id.* at 14; *see also* Dkt. No. 15-2, p. 1 (Pg. ID 159).

On June 6, 2016, Craft pled not guilty to these charges, and on June 27, 2016, the charges were dismissed. Dkt. No. 7, p. 14 (Pg. ID 67). His case was dismissed as no arresting police officer appeared at the trial. *Id.*

Craft was again arrested by Officers Billingslea and Patterson, and also Officer Hill, around March 14, 2017. *Id.* at 15. This time, Craft had just entered his vehicle—which was parked in front of his mother's home—when the officers instructed him to exit the car. *Id.* Without justification, according to Craft, the officers put him in handcuffs and searched his car. *Id.* Although the officers did not identify anything illegal on his person or in the vehicle, the officers arrested and jailed Craft. *Id.* He was later charged with disorderly conduct. *Id.*

Based on a request and motion by a City prosecutor, the disorderly conduct charge was dismissed voluntarily on April 21, 2017. *Id.*

### III.

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to determine whether a plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[E]ven though the complaint need not contain

4

'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

A court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly*, 550 U.S. at 570. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 553–54). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (internal citations and quotations omitted). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal citations and quotations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the

5

pleader is entitled to relief." *Id.* (alteration in original) (internal citations and quotations omitted).

## IV.

Plaintiff Craft asserts claims of malicious prosecution under the Fourth Amendment and 42 U.S.C. § 1983 based on arrests in April 2016 and March 2017. The Court finds that Craft has not adequately alleged these claims, and thus, the Court GRANTS Defendants' Motion to Dismiss these claims, which are Counts IX and XIII.

Craft also alleges that his April 2016 and March 2017 arrests violated his rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. The Court DENIES Defendants' Motion to Dismiss these claims, which are Counts VIII and XII.

### A.

The Court will first turn to Craft's claims regarding malicious prosecution, Counts IX and XIII. As the charges stemming from the April 2016 and March 2017 incidents were dismissed without prejudice, Craft asserts that he has properly pled the elements of malicious prosecution. Dkt. No. 8-2, p. 4 (Pg. ID 95). The City responds that a dismissal without prejudice is not success as defined by *Heck v. Humprey*, 512 U.S. 477, 487 (1994), and therefore, Craft cannot adequately allege his malicious prosecution claims. Instead, according to the City, the resolution of

6

the charges must indicate that Craft is innocent, and this standard has not been met. The Court agrees with the Defendant and finds that Craft has not adequately pled a claim for malicious prosecution under Section 1983.

The Fourth Amendment authorizes malicious prosecution claims, and malicious prosecution " 'encompasses wrongful investigation, prosecution, conviction, and incarceration.' " *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). Malicious prosecution is not tantamount to false arrest; it addresses detention associated with "*wrongful institution* of legal process." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)). False arrest, on the other hand, remedies detention caused "by absence of legal process." *Id.* (quoting *Wallace*, 549 U.S. at 390).

A malicious prosecution claim under the Fourth Amendment and Section 1983 requires that a plaintiff sufficiently allege that:

> (1) a criminal prosecution was initiated against the plaintiff, and the defendant made influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.

*Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017) (citing *Sykes*, 625 F.3d at 308–09).

1.

The City argues that Craft has not adequately alleged elements one and four. First, according to the City, Craft has not plausibly alleged that Defendant police officers "participated" in the decision to prosecute him because the Defendant police officers had no involvement in the prosecution outside of arresting Craft. Dkt. No. 8-2, p. 5 (Pg. ID 96). The City acknowledges that in bringing charges against Craft its prosecutors likely relied upon the Defendant officers' arrest and incident reports. *Id.* But as the prosecution was not continued, Defendants reason, Craft cannot adequately allege participation. *Id.* The Court disagrees.

" 'To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating.' " *Sanders*, 845 F.3d at 728 (quoting *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015)). That is, "[t]here must be 'some element of blameworthiness or culpability in the participation,' as 'truthful participation in the prosecution decision is not actionable.' " *Id.* (quoting *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015)).

For example, a police officer "participates" in a prosecutorial decision if he (1) testifies falsely at a preliminary hearing and was the only person to testify, meaning his false testimony was material; or (2) omits and misrepresents important

facts in an incident report and request for an arrest warrant, which prosecutors then rely upon to initiate criminal proceedings. *See Sykes*, 625 F.3d at 312–17.

Even if an officer does not discuss a case with a prosecutor, he may still influence or participate in a criminal proceeding; for example, where the bases of a criminal prosecution are his false representations in a warrant affidavit and false testimony at a preliminary hearing, where he was the only testifying witness. *Miller v. Maddox*, 866 F.3d 386, 390–91 (6th Cir. 2017).

Here, Craft has plausibly alleged that the Defendant police officers influenced or participated in the prosecutorial decision to initiate criminal proceedings. He pleads that Defendant police officers' assertions were the sole basis of the prosecutor's decision to file charges, and the City does not assert that the prosecutor considered any other evidence.

The City's counter—that "Plaintiffs' [sic] must establish that the word or [sic] the officer was relied upon not only in charging Plaintiff with a crime, but also in deciding to continue the prosecution"—misstates the law. Dkt. No. 8-2, p. 5 (Pg. ID 96). Craft is only required to adequately allege "that a criminal prosecution was initiated against [him] and that [the Defendant police officers] made, influenced, or participated in the prosecution decision." *Maddox*, 866 F.3d at 390 (citing *Sykes*, 625 F.3d at 308). This, Craft has done. This case, then, is similar to *Sykes* and

*Maddox* where officers' representations formed the principal, if not sole, basis for bring criminal charges.

Additionally, Craft alleges that the officers' representations were false, which again tracks the allegations in *Sykes* and *Maddox*. "[A]n officer will not be deemed to have commenced a criminal proceeding against a person when the claim is predicated on the mere fact that the officer turned over to the prosecution the officer's truthful materials." *Sykes*, 625 F.3d at 314. Rather, Craft must allege that the Defendant police officers " '(1) stated a deliberate falsehood or showed reckless disregard for the truth [in their incident reports] and (2) that the allegedly false or omitted information was material to the [court's] finding of probable cause.' " *Id.* at 312 (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 758 (6th Cir. 2006)). Craft specifically alleges the necessary facts as he contends that the officers' incident reports for each encounter contained omissions and misrepresentations. *See* Dkt. No. 15, p. 8 (Pg. ID 151).

Accordingly, Craft has plausibly alleged that the Defendant police officers participated in the decision to prosecute him.

2.

Turning to the fourth element, the parties vigorously dispute whether the prosecutions for Craft's April 2016 and March 2017 arrests were resolved in Craft's favor. Both prosecutions were dismissed without prejudice: The 2016 prosecution

because no police officer appeared at the judicial hearing, and the March 2017 charges by motion of a City prosecutor. Dkt. No. 7, pp. 14–15 (Pg. ID 67–68). In support of their arguments, both parties cite *Heck v. Humprey*, 512 U.S. 477, 487 (1994). The Court finds persuasive, however, Defendants' argument that a dismissal without prejudice is not a favorable termination under *Heck*.

*Heck* establishes a general principle that where a plaintiff asserts a malicious prosecution claim under Section 1983, "[a] district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. *Heck* also provides the rationale for the favorable termination requirement, specifically that it:

> avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.

*Id.* at 484. (alteration in original) (internal citations and quotations omitted).

Purportedly applying *Heck*, Craft contends that the April 2016 and March 2017 charges were terminated in his favor because they did not end in a compromise or settlement. Dkt. No. 15, pp. 11–12 (Pg. ID 154–55). This argument is unavailing.

11

Craft cites no Sixth Circuit decision—and the Court has not identified one—that establishes a dismissal without prejudice constitutes a favorable termination. Conversely, Defendants' argument that a dismissal without prejudice is not a favorable termination finds ample support from persuasive authorities. In *Mobley v. City of Detroit*, for instance, a court in this district dismissed plaintiffs' malicious prosecution claims under Section 1983 because the charges against plaintiffs were dismissed voluntarily. 938 F. Supp. 2d 669, 687 (E.D. Mich. 2012). Likewise, charges dropped after a hung jury (in favor of acquittal) did not constitute a favorable termination, and thus, a court dismissed a plaintiff's malicious prosecution claim. *Thornton v. City of Columbus*, 171 F. Supp. 3d 702, 710 (S.D. Ohio 2016) (citing *Singleton v. City of New York*, 632 F.2d 185, 193 (2d. Cir. 1980) (concluding that "[p]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty."))).

As the charges against Craft were not terminated in his favor, his malicious prosecution claims cannot survive Defendants' motion to dismiss.

### 3.

Craft's malicious prosecution claims also fail because he does not adequately allege the second element, deprivation of liberty. Craft asserts that he suffered a deprivation of liberty through his arrests as part of the April 2016 and March 2017 encounters with Defendant police officers.

Yet *Sykes* requires that a plaintiff asserting a malicious prosecution claim plead a deprivation of liberty "apart from the initial seizure." *Sykes*, 625 F.3d at 309. The Sixth Circuit has already rejected contentions similar to those presented by Craft, for example, a plaintiff's malicious prosecution claim where he "was never arrested, incarcerated, or required to post anything other than a personal recognizance bond." *Noonan v. Cty. of Oakland*, 683 F. App'x 455, 462–63 (6th Cir. 2017).

In addition, to the extent Craft argues that he suffered a deprivation of liberty through appearances at court proceedings related to these charges, this argument too fails. *Id.* ("Given that a summons to appear is even less a deprivation than an arrest, it stands to reason that it too is insufficient to satisfy this third element of a Fourth Amendment malicious-prosecution claim under § 1983."). And, absent from the Complaint are allegations that Craft was subject to pretrial restrictions. *See Miller*, 866 F.3d at 393 (noting "that imposing restrictions designed to compel court appearance, 'such as obligations to post bond, attend court hearings, and contact pretrial services' could constitute a seizure" (quoting *Johnson v. City of Cincinnati*, 310 F.3d 484, 493 (6th Cir. 2002))).

As Craft has not sufficiently pled his malicious prosecution claims, Counts IX and XIII, the Court must dismiss these Counts.

B.

Defendants—devoting just one line of their motion to dismiss—argue that Counts VIII and XII for unlawful arrest and seizure under the Fourth and Fourteenth Amendments and Section 1983 are subject to dismissal pursuant to *Heck*. This argument is unpersuasive.

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Jerome v. Crum*, 695 F. App'x 935, 940 (6th Cir. 2017). The Complaint contains numerous, specific allegations that Defendants lacked probable cause in arresting Plaintiff. For instance, that the Defendant police officers made false statements and misrepresentations in their incident reports, and these incident reports were the sole bases on which the prosecutor decided to press charges. Dkt. No. 15, p. 8–9 (Pg. ID 15–16).

The Court holds, then, that Craft has adequately alleged his unlawful arrest claims, Counts VIII and XII.

V.

Based on the foregoing analysis, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. The Court GRANTS Defendants' motion on Counts IX and XIII, and DENIES Defendants' motion on Counts VIII and XII.

In addition, with respect to any claims not dismissed herein, the Court orders the Defendants to file an Answer to Plaintiffs' First Amended Complaint within fourteen (14) days of this Opinion and Order.

IT IS SO ORDERED.

Dated:  December 6, 2017                    /s/Gershwin A. Drain
                                            GERSHWIN A. DRAIN
                                            United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 6, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk