UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'MARCO CRAFT, ET AL.,

Plaintiffs,

v.

RICHARD BILLINGSLEA, ET AL.,

Defendants.
_____/

Case No. 17-cv-12752

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTION [#131] TO MAGISTRATE JUDGE MAJZOUB'S ORDER STRIKING PLAINTIFFS' EMERGENCY MOTION TO COMPEL**

Present before the Court is Plaintiffs' Objection to Magistrate Judge Majzoub's Order Striking Plaintiffs' Emergency Motion to Compel. Dkt. No. 131. Magistrate Judge Majzoub struck Plaintiffs' Motion on three separate grounds:

1. Plaintiffs filed their Motion without first seeking concurrence from Defendants, in violation of Eastern District of Michigan Local Rule 7.1(a) and Federal Rule of Civil Procedure 37(a)(1);

2. Plaintiffs filed their Motion without including a verbatim recitation or an actual copy of the discovery requests, in violation of Local Rule 37.2; and

3. Plaintiffs filed their Motion without waiting for Defendants' discovery responses.

Plaintiffs argue, without further explanation, that Magistrate Judge Majzoub erred by failing to address Federal Rule of Civil Procedure 26's requirements. This argument lacks merit.

In reviewing a magistrate judge's order on a non-dispositive matter, the district court must apply the "clearly erroneous" or "contrary to law" standard of review. Fed. R. Civ. P. 72(a). The Supreme Court has held that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *See id.* (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). Under the contrary to law standard, the Court must exercise independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

Here, Magistrate Judge Majzoub presented three separate grounds for striking Plaintiffs' Emergency Motion to Compel. Plaintiffs' argument, that Magistrate Judge Majzoub failed to address Rule 26's requirements, does not cure these defects. For that reason, the Court will Overrule Plaintiffs' Objection and Affirm Magistrate Judge Majzoub's Order Striking Plaintiffs' Emergency Motion to Compel.

IT IS SO ORDERED.

Dated: August 6, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 6, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager