UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'MARCO CRAFT and
MICHAELE JACKSON,

        Plaintiffs,

v.

CITY OF DETROIT, RICHARD
BILLINGSLEA, HAKEEM
PATTERSON, YOSSIF MANA,
ANTOINE HILL, GLENN BINES,
DAVID MAYS II, NAIM BROWN,
MICHAEL BAILEY, RANDALL
CRAIG, and BRYAN MOORE,

        Defendants.

Case No. 17-cv-12752-GAD-MKM
Hon. Gershwin Drain

**DEFENDANT RICHARD
BILLINGSLEA'S MOTION FOR
<u>SUMMARY JUDGMENT</u>**

    /

EXCOLO LAW, LLC
Soloman M. Radner (P73653)
26700 Lahser Rd., Ste. 400
Southfield, MI 48033
(248) 291-9712 (P)
sradner@excololaw.com
*Attorneys for Plaintiffs*

SEWARD, PECK &
HENDERSON, PLLC
T. Joseph Seward
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
(248) 733-3580 (P)
(248) 733-3633 (F)
jseward@sewardhenderson.com
*Attorneys for Defendants Detroit,
Patterson, Mana, Hill, Bines, Mays,
Brown, Bailey, Craig and Moore*

ALLEN BROTHERS
Attorneys and Counselors, PLLC
James P. Allen Sr. (P52885)
Charles S. Rudy (P27881)
400 Monroe Street, Suite 620
Detroit, Michigan 48226
(313) 962-7777 (P)
(313) 962-0581 (F)
jamesallen@allenbrotherspllc.com
crudy@allenbrotherspllc.com
*Attorneys for Defendant
Richard Billingslea*

    /

## DEFENDANT RICHARD BILLINGSLEA'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Richard Billingslea ("Billingslea"), by his attorneys, Allen Brothers, Attorneys and Counselors, PLLC, pursuant to FRCP 56, hereby moves this Court for summary judgment dismissing all of the Plaintiffs' claims against him. This motion is based on the facts and law set forth in the accompanying brief, filed herewith.

In accordance with Local Rule 7.1(a), counsel for Billingslea sought concurrence in the relief request in this motion from Plaintiffs' attorney, Solomon Radner, on August 14, 2019. Concurrence was denied, thus requiring the filing of this motion.

ALLEN BROTHERS, PLLC

By: /s/Charles S. Rudy
   Charles S. Rudy (P27881)
   *Attorneys for Defendant Billingslea*

Dated:     August 16, 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'MARCO CRAFT and
MICHAELE JACKSON,

       Plaintiffs,

v.

CITY OF DETROIT, RICHARD
BILLINGSLEA, HAKEEM
PATTERSON, YOSSIF MANA,
ANTOINE HILL, GLENN BINES,
DAVID MAYS II, NAIM BROWN,
MICHAEL BAILEY, RANDALL
CRAIG, and BRYAN MOORE,

       Defendants.

Case No. 17-cv-12752-GAD-MKM

Hon. Gershwin Drain

**BRIEF IN SUPPORT OF
DEFENDANT RICHARD
BILLINGSLEA'S MOTION
<u>FOR SUMMARY JUDGMENT</u>**

_____/

EXCOLO LAW, LLC
Soloman M. Radner (P73653)
26700 Lahser Rd., Ste. 400
Southfield, MI 48033
(248) 291-9712 (P)
sradner@excololaw.com
*Attorneys for Plaintiffs*

SEWARD, PECK &
HENDERSON, PLLC
T. Joseph Seward
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
(248) 733-3580 (P)
(248) 733-3633 (F)
jseward@sewardhenderson.com
*Attorneys for Defendants Detroit,
Patterson, Mana, Hill, Bines, Mays,
Brown, Bailey, Craig and Moore*

ALLEN BROTHERS
Attorneys and Counselors, PLLC
James P. Allen Sr. (P52885)
Charles S. Rudy (P27881)
400 Monroe Street, Suite 620
Detroit, Michigan 48226
(313) 962-7777 (P)
(313) 962-0581 (F)
jamesallen@allenbrotherspllc.com
crudy@allenbrotherspllc.com
*Attorneys for Defendant
Richard Billingslea*

_____/

## TABLE OF CONTENTS

Table of Contents ................................................................................... i

Statement of Issues Presented ................................................................. ii

Index of Authorities................................................................................. v

Introduction ............................................................................................. 1

Statement of Facts .................................................................................... 1

Standard of Review .................................................................................. 13

Argument

    A.  Qualified Immunity Under § 1983 ................................................. 14

    B.  All Plaintiffs' Specific Claims Are Barred As A Matter of Law............... 17

Conclusion and Relief Requested............................................................. 28

Certificate of Service……………………..……………………….…………..…..29

i

## STATEMENT OF ISSUES PRESENTED

Is Defendant Richard Billingslea ("Billingslea") entitled to summary judgment dismissing the claim of Plaintiff Michaele Jackson ("Jackson") for violation of 42 USC § 1983 for alleged excessive force (Count I) when there can be no genuine dispute that Billingslea used reasonable force to thwart the vicious attack by Jackson and take him into custody, and therefore is Billingslea entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Jackson for violation of 42 USC § 1983 for alleged false arrest (Count II) when there can be no genuine dispute that Billingslea had probable cause to arrest Jackson for a vicious assault on a police officer and resisting arrest, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Plaintiff D'Marco Craft ("Craft") for violation of 42 USC § 1983 for alleged false arrest (Count II) when there can be no genuine dispute that Craft obstructed, interfered with and impeded police officers in the performance of their duties, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claims of Craft for violation of 42 USC § 1983 for alleged improper search and seizure of his cell phone (Counts III and IV) when there can be no genuine dispute that Craft's cell phone was properly taken for evidence and quickly returned after the evidence was preserved, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Craft for violation of 42 USC § 1983 for allegedly preventing Craft from <u>recording</u> the police during the incident which is the subject of this lawsuit (<u>Count V</u>) when there can be no genuine dispute that Craft did record the entire incident, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Craft for violation of 42 USC § 1983 for alleged <u>First Amendment retaliation</u> (<u>Count VI</u>) when there can be no genuine dispute that Craft suffered no adverse action, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Craft for violation of 42 USC § 1983 for being forced to <u>put out his cigarette</u> (<u>Count VII</u>) when there can be no genuine dispute that such a request was rational and legal, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Craft and Jackson for violation of 42 USC § 1983 for violation of their alleged <u>First Amendment right to buy cigarettes at the Mobil Station</u> (<u>Count VIII</u>) when there can be no genuine dispute that there is no such First Amendment right, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"
> Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Jackson for violation of 42 USC § 1983 for alleged <u>improper seizure of his vehicle</u> (<u>Count IX</u>) when there can be no genuine dispute that the seizure was legal and Billingslea was not involved, and therefore Billingslea is entitled to qualified immunity?

> Billingslea says: "Yes"

Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Jackson for violation of 42 USC § 1983 for alleged <u>failure to provide medical care</u> (<u>Count X</u>) when there can be no genuine dispute that Jackson was immediately taken to Detroit Receiving Hospital for evaluation and treatment by qualified medical personnel, and therefore Billingslea is entitled to qualified immunity?

Billingslea says: "Yes"
Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Craft for violation of 42 USC § 1983 for alleged <u>improper arrest on April 27, 2016</u> (<u>Count XII</u>) when there can be no genuine dispute that the arrest was legal, and therefore Billingslea is entitled to qualified immunity?

Billingslea says: "Yes"
Plaintiffs say "No"

Is Billingslea is entitled to summary judgment dismissing the claim of Craft for violation of 42 USC § 1983 for alleged <u>improper arrest on March 14, 2017</u> (<u>Count XVII</u>) when there can be no genuine dispute that the arrest was legal and Billingslea was not involved in the arrest decision, and therefore Billingslea is entitled to qualified immunity?

Billingslea says: "Yes"
Plaintiffs say "No"

# INDEX OF AUTHORITIES

**Cases**

*Ashbrook v. Block*, 917 F2d 918, 921 (6th Cir 1990) ....................................................... 14

*Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F3d 381, 388 (6th Cir 2005)................... 24, 25

*Brooks v Rothe,* 577 F3d 701, 706 (6th Cir 2009) ........................................................... 19

*Celotex Corp. v. Catrett*, 477 US 317, 325 (1986) ......................................................... 13

*Cox v. Ky. DOT*, 53 F3d 146, 150 (6th Cir 1995) ........................................................... 13

*Crawford v. Geiger (Crawford II)*, 131 F Supp 3d 703, 714 (ND Ohio 2015) .............. 23

*Criss v City of Kent*, 867 F2d 259, 262 (6th Cir 1988).................................................... 19

*Davenport v. Causey,* 521 F3d 544 (6th Cir 2008) ......................................................... 15

*Davis v. United States*, 328 US 582, 593 (1946) ............................................................ 22

*Davis-Bey v. City of Warren*, 2018 US Dist LEXIS 24184 (ED Mich 2018)................. 22

*Fagan v. Axelrod*, 146 Misc 2d 286, 297, 550 NYS2d 552, 559 (Sup Ct 1990)............ 24

*Fridley v Horrighs*, 291 F3d 867, 872 (6th Cir 2002) .................................................... 19

*Green v. Throckmorton*, 681 F3d 853, 859 (6th Cir 2012).............................................. 14

*Hager v. Pike County Bd. of Education*, 286 F3d 366, 370 (6th Cir 2002).................... 14

*Harajli v. Huron Twp.*, 365 F3d 501, 506 (6th Cir 2004)................................................ 22

*Harlow v. Fitzgerald*, 457 US 800, 818 (1982) .............................................................. 15

*Harris v. Bornhorst*, 513 F3d 503, 511 (6th Cir 2008).................................................... 19

*Illinois v Gates*, 462 US 213, 244 n 13 (1983)..................................................... 19

*Johnson v. Karnes,* 398 F3d 868, 874 (6th Cir 2005)........................................ 26

*Johnson v. Moseley*, 790 F3d 649, 653 (6th Cir 2015) ........................................ 1

*King v. Ambs*, 519 F3d 607, 610 (6th Cir 2008) ............................................... 20

*Lang v. City of Kalamazoo*, 744 Fed Appx 282, 286, 2018 US App LEXIS 21695

   (6th Cir 2018) (*citing, Green v. Throckmorton*, 681 F3d 853, 859 (6th Cir 2012) ..... 14

*Leonard v. Robinson*, 477 F3d 347, 355 (6th Cir 2007) .................................... 23

*Lyons v City of Xenia*, 417 F3d 565, 573 (6th Cir 2005) ................................... 20

*Marvin v. City of Taylor*, 509 F3d 234, 245 (6th Cir 2007)............................... 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 US 574, 586 (1986)................ 13

*Michigan v DeFillippo*, 443 US 31, 36 (1979) .................................................. 19

*Michigan v. Summers,* 452 US 692, 699 (1981) ................................................. 20

*Mitchell v. Forsyth*, 472 US 511, 526 (1985).................................................... 15

*Northrop v. Trippett*, 265 F3d 372, 379 (6th Cir 2001) ..................................... 19

*Palmer v. Allen*, 2016 US Dist LEXIS 80168 (ED Mich 2016) (Drain, J.)................... 23

*Pearson v. Callahan*, 555 US 223, 231 (2009).................................................. 15

*Pink Supply Corp. v. Hiebert, Inc.*, 612 F Supp 1334 (D Minn 1985), *aff'd*, 788 F2d

   1313 (8th Cir 1986) ...................................................................................... 14

*Quigley v. Tuong Vinh Thai*, 707 F3d 675, 680 (6th Cir 2013)......................... 1

*Riley v. California*, 573 US 373, 388 (2014) .................................................... 21

*Robertson v. Lucas*, 753 F3d 606, 615 (6th Cir 2014) ........................................................ 1

*Rudlaff v. Gillispie*, 791 F3d 638, 641 (6th Cir 2015) ..................................................... 18

*Saucier v. Katz*, 533 US 194, 198 (2001) ......................................................................... 15

*Schliewe v. Toro*, 138 F App'x 715, 722 (6th Cir 2005) ................................................... 26

*Scott v. Harris*, 550 US 372, 380-81 (2007) .................................................................... 14

*Silberstein v. City of Dayton*, 440 F3d 306, 311 (6th Cir 2006) ....................................... 15

*Sphere Drake Ins., Ltd. v. All Am. Life Ins. Co.*, 300 F Supp 2d 606 (ND Ill 2003),

    *aff'd*, 376 F3d 664 (7th Cir. 2004) ................................................................................ 14

*Stockenauer v. Deleeuw*, 985 F2d 561 (6th Cir 1993) ...................................................... 28

*Sykes v. Anderson*, 625 F3d 294, 306 (6th Cir 2010) ....................................................... 19

*Terry v. Ohio,* 392 US 1, 30 (1968) ................................................................................. 20

*United States v. Cunningham*, 520 F App'x 413, 416 (6th Cir 2013) ............................... 25

*United States v. McClain,* 444 F3d 556, 562 (6th Cir 2005) ........................................... 21

*United States v. McClellan*, 38 F3d 1217 (6th Cir 1994) ................................................. 25

*United States v. Respress*, 9 F3d 483, 486 (6th Cir 1993) ............................................... 21

*United States v. Wright*, 582 F3d 199, 213 (1st Cir. 2009) .............................................. 27

*Vanvorous v. Burmeister,* 2001 US Dist LEXIS 21759 (WD Mich 2001) ...................... 15

*Watkins v. City of Battle Creek,* 273 F3d 682, 685-86 (6th Cir 2001) ............................. 26

*Williams v. Boggs*, 2014 US Dist LEXIS 18328 (ED Ky February 13, 2014) ............... 23

*Williams v. City of Paris*, 2016 US Dist LEXIS 59407 (ED Ky 2016) .......................... 22

*Wimberly v. Clark Controller Co.*, 364 F2d 225 (6th Cir 1966)...................................... 14

*Wurzelbacher v. Jones-Kelley*, 675 F3d 580, 584 (6th Cir 2012).................................. 23

*Zap v. United States*, 328 US 624, 629 (1946)................................................................. 22

Federal Statutes

42 USC § 1983 ............................................................................................................. 1,15,

Federal Rules

FRCP 56 ......................................................................................................................... 11
FRCP 56(a)....................................................................................................................... 13
FRCP 56(c)(1) ................................................................................................................. 14

State Statutes

MCL § 257.252d ............................................................................................................. 25

## I. Introduction

Plaintiffs D'Marco Craft ("Craft") and Michaele Jackson ("Jackson") have now filed a Third-Amended Complaint [ECF 72] (hereinafter, "Complaint"). In their Complaint, Plaintiffs assert 17 claims against a total of 11 Defendants: the City of Detroit ("Detroit"), nine Detroit Police Department ("DPD") officers, including Richard Billingslea ("Billingslea"), and one Paramedic employed by the Detroit Fire Department. All of Plaintiffs' claims are asserted under 42 USC §1983 ("§1983").[1] All the individual Defendants have raised the defense of qualified immunity. Discovery has now been completed, and it has conclusively established that none of Plaintiffs' claims have any merit regarding any of the Defendants, but this is particularly true regarding Billingslea.[2] Accordingly, pursuant to FRCP 56, Billingslea is entitled to a summary judgment dismissing all of the Plaintiffs' claims.

## II. Statement of Facts

Plaintiffs' Complaint contains a myriad of claims against the individual Defendants arising from five different events on separate days.

**A. April 27, 2016**. On April 27, 2016, at 8:20 PM, Defendant Officers Yossif Mana ("Mana"), Hakeem Patterson ("Patterson") and Billingslea were on duty for Special

---

[1] A list of the titles of all 17 Counts of Plaintiffs' Complaint is attached hereto as **Exhibit 1**.

[2] Under §1983, when there are multiple government officials named as defendants, each individual's actions must be assessed separately to determine whether he or she personally violated a constitutional right. *Johnson v. Moseley*, 790 F3d 649, 653 (6th Cir 2015); *Robertson v. Lucas*, 753 F3d 606, 615 (6th Cir 2014); *Quigley v. Tuong Vinh Thai*, 707 F3d 675, 680 (6th Cir 2013).

1

Operations in the City.[3] The officers observed Craft illegally walking in the street in the vicinity of 5920 Audubon. *Id.* When they turned their car on the street to investigate, Craft fled toward a driveway. *Id.* The officers exited their vehicle and approached Craft, who began clenching the right side of his shirt. *Id.* Fearing he may have a weapon, Craft was frisked for weapons, with none being found. *Id.* During this interaction, Craft was "screaming loud and using profanity." *Id.* As such, he was written a ticket for disorderly conduct and released at the scene. *Id.*

**B. June/July 2016.** Craft alleges in his complaint that, "on or about June or July of 2016," Billingslea "acted out a karate-style kick" toward him, not making any contact with him (Complaint, ¶158). No record of this interaction with Craft exists, and he is unable to even articulate the specific date it occurred.

**C. December 2016.** Craft contends that, in December of 2016, he and his brother were detained and searched by Billingslea at the Mobil gas station located at the intersection of Harper and Cadieux in Detroit (hereinafter, "Mobil Station") (Complaint, ¶163). As with the June/July 2016 allegations, no record of this incident exists, and Craft is not able to articulate the specific date it occurred.

**D. March 14, 2017.** On March 14, 2017, Mana and Defendant Officer David Mays ("Mays") were on patrol on the east side of the City.[4] At 11:45 PM, they observed a vehicle parked the wrong way on a one-way street. *Id.* As the Officers stopped and

---

[3] *See,* DPD Activity Log for March 14, 2017, a copy of which is attached hereto as **Exhibit 2**.

approached to investigate, the driver, Taronne Garrett ("Garrett"), and two passengers, Craft and Demetrius Scott ("Scott"), "became very irate" and began swearing at the officers. *Id.* Mana attempted to advise Garrett of his traffic violation, but all three occupants of the vehicle kept yelling and swearing so loudly that residents on the street began to come out of their homes to see what the disturbance was. *Id.* Officers also discovered that the vehicle was uninsured and the driver could not produce a valid proof of insurance.[5]

Two additional police cars, one with Billingslea and Patterson and the other with Defendant Officers Glenn Bines ("Bines") and Antoine Hill ("Hill"), came to the scene to assist (Exhibit 3, p. 3). Upon arrival, Bines and Hill observed the vehicle occupants acting "very irate and disorderly" and "using heavy profanity toward the other units."[6] Because of this ongoing disorderly conduct, all three individuals were taken out of the vehicle and placed under arrest for disorderly conduct (Exhibit 2, p. 3). Bines and Hill took Craft into custody, while Mays and Mana arrested Garrett and Scott (Exhibit 2, p. 3; Exhibit 4). Billingslea and Patterson merely assisted in transporting Garrett to the detention center (Exhibit 2, p. 3).

---

[4] *See,* DPD Incident Report dated March 14, 2017, a copy of which is attached hereto as **Exhibit 3**, p. 3.

[5] *See,* DPD Activity Log of Mays and Mana for March 14, 2017, a copy of which is attached hereto as **Exhibit 4**.

[6] *See,* DPD Activity Log of Bines and Hull for March 14, 2017, a copy of which is attached hereto as **Exhibit 5**.

3

**E. May 31, 2017.** During the early morning hours of Wednesday, May 31, 2017, Billingslea and his partner, Patterson, were on patrol on the east side of Detroit.[7] At approximately 1:25 AM, they stopped at the Mobil Station, so Billingslea could use the restroom. Patterson remained in their police vehicle while Billingslea entered the Mobil Station store.

Starting the prior evening, Tuesday, May 30, 2017, Jackson and Craft attended party at social club called the "Dons and Divas."[8] Alcoholic beverages were served at the party (Craft, 175; Jackson, 97). Jackson and Craft arrived at the party at about 9:00 or 10:00 PM and left at about 1:00 AM (Craft, 171-176; Jackson, 97, 100). Craft claims that he consumed only two beers at the party (Craft, 171). Jackson claims he had only one beer at the party (Jackson, 97). They left in Jackson's car, with Jackson driving (Craft, 176; Jackson, 98). They stopped at the Mobil Station to buy cigarettes (Craft, 176). When they arrived at the Mobil Station, Craft noticed that there was a police car parked outside (Craft, 176-177).

---

[7] Reference is to the transcripts of the depositions of Billingslea and Patterson taken in this case, hereinafter cited to as "Billingslea, (page #)" and "Patterson, (page #)." Copies of the transcripts of the Billingslea and Patterson Depositions are attached hereto as **Exhibits 6 and 7**, respectively.

[8] Reference is to the transcripts of the depositions of Craft and Jackson taken in this case, hereinafter cited to as "Craft, (page #)" and "Jackson, (page #)" at pages 161-163 and 97, respectively. Copies of the transcripts of the Craft and Jackson Depositions are attached hereto as **Exhibits 8 and 9**, respectively.

Surveillance video from the Mobil Station shows Jackson's car pulling in next to a pump at 1:30 AM, Craft getting out of the car and entering the Mobil Station store.[9] Craft approaches the counter to buy cigarettes, but then notices Billingslea behind the counter (Store Video, 00:33-00:40). Craft immediately leaves the store without buying cigarettes and, on his way out, tells Billingslea "fuck you" and gives him "the middle finger" (*Id.*; Craft, 183).

Billingslea comes from around the counter and stands in the door of the Mobil Station store watching what Craft are doing (Store Video, 00:54). Craft walks to Jackson's car and then immediately returns to the Mobil Station store, where Billingslea stops him from entering (*Id.*, 00:54-00:58). Billingslea testified that he stopped Craft from reentering the store because, for safety, he wanted to keep everything in front of him so that he could see both Craft and his partner, Patterson (Billingslea, 55-58, 91).[10] Billingslea told Craft buy his cigarettes at a different gas station (there are four gas stations at this intersection) (Craft, 182). Craft then walks back to Jackson's car (Store Video, 01:03-01:15). Craft explained to Jackson that the officers who had previously harassed him were at the Mobile Station and that they should to go to the gas station

---

[9] Reference is to the composite Mobil Station Surveillance Video (hereinafter cited "Store Video, (clock time))," at 00:09. The Mobil Station had a surveillance system that used multiple cameras. Video from these cameras have been combined into the composite "Store Video," a copy of which is attached hereto as **Exhibit 10**.

[10] Billingslea's concern was well-grounded. Craft testified that he owned several weapons and has been shot, supposedly a self-inflicted wound that allegedly occurred while he was cleaning his weapon (Craft, 32-34, 84). Craft has posted a picture of himself with one of his handguns on his Facebook page, a copy of which is attached hereto as **Exhibit 11**.

5

recording of the altercations between the officers, Craft, and Jackson. It is reasonable to believe that any incriminating actions that may be on the phone related to Craft or Jackson's actions would be deleted by Craft. Thus, it was appropriate for Hill (who initially took the phone from his hand) and Billingslea (who later entered the phone into evidence) to seize the phone knowing that it contained video and audio evidence that could easily be destroyed by the push of a button. Given this exception and the circumstances, the seizure of Craft's phone was constitutional.

Furthermore, Craft consented to the search of his phone. Consent is long recognized as an exception to both a search warrant and probable cause for a search. *Davis v. United States*, 328 US 582, 593 (1946); *Zap v. United States*, 328 US 624, 629 (1946). Here, the recordings show that Bailey and Mana both asked Craft if he would unlock his phone for their review of the video, to which he consented. Given that Craft gave consent, there exists no Fourth Amendment violation. *Harajli v. Huron Twp.*, 365 F3d 501, 506 (6th Cir 2004) (search by police does not violate Fourth Amendment when consent has been obtained).

Finally, as noted above, in order to establish liability under §1983, the plaintiff must show that the government official's conduct violates a clearly established constitutional right of which a reasonable person would have known. In recent decisions in this Circuit, including one by this Court, judges have addressed the issue of whether there is a clearly established first amendment right to record police officers in public places. In these cases, the Courts have determined that the right to record is so clearly established

22

as to deprive the officer of immunity. *See, e.g., Williams v. City of Paris*, 2016 US Dist LEXIS 59407 (ED Ky 2016); *Davis-Bey v. City of Warren*, 2018 US Dist LEXIS 24184 (ED Mich 2018) (Majoub, J.); *Palmer v. Allen*, 2016 US Dist LEXIS 80168 (ED Mich 2016) (Drain, J.); *Williams v. Boggs*, 2014 US Dist LEXIS 18328 (ED Ky February 13, 2014) (finding that the right to record a confrontation with law enforcement was not clearly established in January 2013, and dismissing claim); *Crawford v. Geiger (Crawford II)*, 131 F Supp 3d 703, 714 (ND Ohio 2015). In the absence of a clearly established constitutional right, the Defendants have immunity and the Plaintiffs' claim under §1983 for violation of their First Amendment right to record police officers must be dismissed.

**4. Craft's First Amendment Retaliation Claim (Count VI).** Considering Plaintiffs' First Amendment claim is not clearly established, it follows that any related retaliation claim would also not be clearly established. Notwithstanding, for free speech retaliation, a plaintiff must show that (1) he was engaged in constitutionally protected activity, (2) he suffered an adverse action likely to chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) his constitutionally protected activity was a motivating factor in the adverse action. *Leonardv. Robinson*, 477 F3d 347, 355 (6th Cir 2007). Craft has failed to allege any adverse action. When a plaintiff's alleged adverse action is "inconsequential," resulting in nothing more than a "*de minimis* injury," the claim is properly dismissed as a matter of law. *Wurzelbacher v. Jones-Kelley*, 675 F3d 580, 584 (6th Cir 2012). Here, Craft suffered no injury, and if

one exists, it is so slight that the constitution would not be concerned with such adverse action. It would also be impossible for Hill to retaliate against Craft by taking his phone because he arrived after any alleged "threatening" action by Billingslea and grabbed Craft's phone immediately, and would have no knowledge of any protected conduct at that point. Nor do the facts show that Patterson would anticipate, and be able to adequately act to prevent any type of retaliation. Patterson pushing Craft out of the store was clearly to prevent further interference with the investigation, which Craft had ignored throughout their interaction. Additionally, Mana and Bailey subsequently searching the phone cannot be considered an "adverse action," and was instead an attempt to investigate the facts and circumstances surrounding the incident in order to clear Craft of wrongdoing.

**5. Craft's First and Fourth Amendment Cigarette Claim (Count VII).** "The protections of the First Amendment do not generally apply to conduct in and of itself." *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F3d 381, 388 (6th Cir 2005). For conduct to qualify as an expression of speech, a plaintiff must show that the conduct "'convey[s] a particularized message' and 'the likelihood [is] great that the message [will] be understood by those who view [ ] it.'" *Id*. Defendants are unable to locate any case law that indicates smoking as a form of protected speech, which considering it conveys no message and those viewing smoking would not likely understand any type of message, is unsurprising. *See, Fagan v. Axelrod*, 146 Misc 2d 286, 297, 550 NYS2d 552, 559 (Sup Ct 1990) ("There is no more a fundamental right to smoke cigarettes than there is

to shoot-up or snort heroin or cocaine . . . or run a red-light"). Certainly, such conduct being unconstitutional would not be clearly established.

As to the Fourth Amendment, consent again clearly comes into play. In Bailey's body camera video, he made a rational and legal request, with which Craft complied, without threat of arrest or other adverse action. As discussed above, an individual can certainly consent to a search or seizure under the Fourth Amendment, making the seizure valid. *Davis, supra* at 593; *Zap, supra* at 629. Moreover, Billingslea had no involvement in this alleged constitutional violation.

**6. Plaintiffs' First Amendment Claim to Enter Store (Count VIII).** As with Plaintiff's First Amendment cigarette claim, the First Amendment does not generally apply to actions rather than spoken, or written words. *Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F3d 381, 388 (6th Cir 2005). Likewise, it cannot be said that any particular message was conveyed by the act of going in a store or that anyone would perceive it as anything more than entering a private business. Thus, any First Amendment right associated with this action is not protected, and certainly not clearly established.

**7. Jackson's Claim for Seizure of His Car (Count IX).** If probable cause exists for an arrest, the seizure of property that is in the arrestee's possession is lawful, including the towing of a car for safe keeping. *United States v. Cunningham*, 520 F App'x 413, 416 (6th Cir 2013); *United States v. McClellan*, 38 F3d 1217 (6th Cir 1994); MCL § 257.252d (allowing immediate removal of vehicle for safekeeping when it is hampering use of private property). Here, as discussed above, the officers had ample

probable cause to arrest Jackson for his violent assault on Billingslea and his actively resistance to their efforts to arrest him. In addition, Jackson's car could not be left parked at the Mobil Station, blocking a gas pump. There is no basis for Jackson's argument that seizure of his car was unconstitutional. Furthermore, with regard to Billingslea, he simply was not involved in this decision or its implementation.

**8. Jackson's Claim for Failure to Provide Medical Treatment (Count X).** To sustain this §1983 claim, Jackson must show "the officers acted with 'deliberate indifference to [his] serious medical needs.'" *Schliewe v. Toro*, 138 F App'x 715, 722 (6th Cir 2005); *Watkins v. City of Battle Creek,* 273 F3d 682, 685-86 (6th Cir 2001). This encompasses "an objective and subjective component, requiring [Jackson] to show that he: (1) had a sufficiently serious medical need; and (2) that the officers knew that the serious medical need posed a substantial risk to [Jackson], but proceeded to disregard the risk." *Id.; Johnson v. Karnes,* 398 F3d 868, 874 (6th Cir 2005)).

Jackson cannot satisfy either element. First, he cannot show that he had a sufficiently serious medical need. Physicians at DRH and HFH, after CT scans and x-rays, were unable to find anything wrong with him other than a bloody nose and a puffy face. Second, even assuming, *arguendo,* that he had a serious medical need, the officers provided prompt medical care. An ambulance was called to the scene immediately. Several officers, including Billingslea, offered to rinse out Jackson's eyes with water, but he refused or ignored them. Officers drove him directly to DRH where he received evaluation and treatment within about 20 minutes. Throughout this process, Jackson

never lost consciousness, nor did he complain of his injuries in any of the videos, act like he is in pain, yell out in pain, state he had vision issues or have any other outward signs of serious medical need or reaction to any of the force used against him. *See, Schliewe,* 138 FApp'x at 722-723 (suspect responsive, refusing treatment, did not cry out in pain nor have reaction to force used). Instead of acting injured, Jackson remained defiant, refusing repeated offers of medical treatment. Given all of these facts, under *Schliewe,* it is clear that no serious medical need existed and, nevertheless, the officers provided prompt medical evaluation and treatment.

**9. Failure to Intervene (Counts XI and XV).** Plaintiffs' failure to intervene claims are not asserted against Billingslea.

**10. Search and Arrest April 27, 2016 (Count XII).** None of the facts in this case support a finding that Craft was even arrested on this date. Rather, they show Craft illegally walking in the road, then upon investigation hurrying to get away from the police. This alone creates a reasonable suspicion justifying a *Terry* stop, which combined with Craft clenching his right side, a frisk for weapons. See *United States v. Wright*, 582 F3d 199, 213 (1st Cir. 2009) (reasonable suspicion can be based on unfolding events, including suspect quickly exiting car in opposite direction of police combined with clutching at his side). After being belligerent, Officers rightfully wrote him a ticket for being disorderly under Detroit, Michigan, Municipal Code §38-5-1. None of these actions show a violation of clearly established law.

**11. Detention and Search June/July 2016, Arrest December 2016 (Counts XIII and XIV).** No facts have been developed regarding Craft's baseless claims relating to these two alleged events, of which there is no record. Without these facts, Craft's claims should be summarily dismissed. *Stockenauer v. Deleeuw*, 985 F2d 561 (6th Cir 1993) (summary judgment where failure to show facts specific defendants personally involved in or authorized particular activity).

**12. Unlawful Arrest March 14, 2017 (Count XVII).** Similar to the April 27, 2016, claim, the facts of this incident show that any arrest of Craft was justified and only relate to Defendants Bines and Hills, as facts pertaining to the other Defendants (including Billingslea) show no active involvement in his arrest beside transportation after the arrest.

**13. Monell Claim (Count XVI).** Plaintiffs' *Monell* claim is not asserted against Billingslea.

## IV.   Conclusion and Relief Requested

For all of the foregoing reasons, all of Plaintiffs' §1983 claims against Billingslea should be summarily dismissed.

ALLEN BROTHERS, PLLC

By: /s/Charles S. Rudy
*Attorneys for Defendant Billingslea*

Dated: August 16, 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'MARCO CRAFT and
MICHAELE JACKSON,

      Plaintiffs,

v.

CITY OF DETROIT, RICHARD
BILLINGSLEA, HAKEEM
PATTERSON, YOSSIF MANA,
ANTOINE HILL, GLENN BINES,
DAVID MAYS II, NAIM BROWN,
MICHAEL BAILEY, RANDALL
CRAIG, and BRYAN MOORE,

      Defendants.

Case No. 17-cv-12752-GAD-MKM

Hon. Gershwin Drain

**CERTIFICATE OF SERVICE**

_____/

EXCOLO LAW, LLC
Soloman M. Radner (P73653)
26700 Lahser Rd., Ste. 400
Southfield, MI 48033
(248) 291-9712 (P)
sradner@excololaw.com
*Attorneys for Plaintiffs*

SEWARD, PECK &
HENDERSON, PLLC
T. Joseph Seward
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
(248) 733-3580 (P)
(248) 733-3633 (F)
jseward@sewardhenderson.com
*Attorneys for Defendants Detroit,*
*Patterson, Mana, Hill, Bines, Mays,*
*Brown, Bailey, Craig and Moore*

ALLEN BROTHERS
Attorneys and Counselors, PLLC
James P. Allen Sr. (P52885)
Charles S. Rudy (P27881)
400 Monroe Street, Suite 620
Detroit, Michigan 48226
(313) 962-7777 (P)
(313) 962-0581 (F)
jamesallen@allenbrotherspllc.com
crudy@allenbrotherspllc.com
*Attorneys for Defendant*
*Richard Billingslea*

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on **August 16, 2019**, I electronically filed **Defendant Richard Billingslea's Motion for Summary Judgment, Brief in Support of Motion, Index of Exhibits, and this Certificate of Service** with the Clerk of the Court using the ECF system which will send notification of such filing and copy of same to the attorneys of record.

/s/Veronica Durr
Veronica Durr
400 Monroe, St., Suite 620
Detroit, MI 48226
vdurr@allenbroherspllc.com