UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'MARCO CRAFT, ET AL.,

    Plaintiffs,

v.

RICHARD BILLINGSLEA, ET AL.,

    Defendants.
_____/

Case No. 17-cv-12752

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM ORDER [#176]**

Presently before the Court is Plaintiffs' Motion for Relief from Order, filed on October 9, 2019. ECF No. 178. Plaintiffs request that this Court reconsider its October 9, 2019 Order striking Plaintiffs' Motion for Summary Judgment. ECF Nos. 176-177.

This Court's Order concluded that Plaintiffs failed to abide by the Court's Local Rule 5.1 regarding double-spacing. E.D. Mich. L.R. 5.1(a)(2). Plaintiffs now ask for relief under Rule 60, arguing that the Microsoft Word software does not create "a true double-space" that complies with the local rules. Fed. R. Civ. P. 60; ECF No. 178, PageID.8160.

Rule 60(a) of the Federal Rules of Civil Procedure permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission." Fed. R.

1

Civ. P. 60(a). Rule 60(b) provides in pertinent part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or other proceeding for the following reasons: . . . mistake [or] inadvertence . . . ." Fed. R. Civ. P. 60(b). The Sixth Circuit Court of Appeals has held that "the party seeking relief Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F. 3d 448, 454 (6th Cir. 2008).

Here, Plaintiffs have failed to persuade the Court that Microsoft's double-spacing function fails to comply with Local Rule 5.1. Plaintiffs did not identify any clerical error or mistake in the prior Order that would provide grounds for relief under Rule 60. Further, the Court notes that Plaintiffs appeared to comply with the correct spacing requirements under Local Rule 5.1 in their Reply filed on September 20, 2019. ECF No. 172.

Accordingly, the Court will DENY Plaintiffs' Motion for Relief from Order [#178]. The deadlines set forth in the Court's prior Order remain in place. *See* ECF No. 176, PageID.8155.

**IT IS SO ORDERED.**

Dated:   October 15, 2019

                                       s/Gershwin A. Drain
                                       HON. GERSHWIN A. DRAIN
                                       United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 15, 2019, by electronic and/or ordinary mail.

                                       s/Teresa McGovern
                                       Case Manager