UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'MARCO CRAFT, ET AL.,

Plaintiffs,

v.

RICHARD BILLINGSLEA, ET AL.,

Defendants.

Case No. 17-cv-12752

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL [#214], DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE [#216], DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY [#221]**

The instant 42 U.S.C. § 1983 action was filed on August 22, 2017.  Three

miscellaneous motions have been filed in relation to this Court's upcoming order on

the parties' summary judgment motions.  First, Plaintiffs filed an Objection to

Magistrate Judge Whalen's February 12, 2020 Order.  ECF No. 214.  Second,

Plaintiffs filed a Motion to File Supplemental Evidence on March 13, 2020.  ECF

No. 216.  Third, Defendants filed a Motion to File Supplemental Authority on May

4, 2020.  ECF No. 216.

Upon review of the parties' briefings, the Court finds that oral argument will

not aid in the resolution of these matters.  Accordingly, the Court will resolve the

matters on the briefs in accordance with E.D. Mich. L.R. 7.1(f)(2).  For the reasons

that follow, the Court will overrule Plaintiffs' Objections [#214], deny Plaintiffs' Motion to File Supplemental Evidence [#216], and deny Defendants' Motion to File Supplemental Authority [#221].

## II. DISCUSSION

### A. Plaintiffs' Objection to Magistrate Judge Whalen's Order

On February 12, 2020, Magistrate Judge R. Steven Whalen issued an Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel Discovery. ECF No. 212. Magistrate Judge Whalen ordered that "Defendant City of Detroit will designate and produce for deposition a witness under Fed. R. Civ. P. 30(b)(6)" with subject and timing limitations. *Id.* Importantly, Magistrate Judge Whalen noted that the deposition could not "be used for the pending summary judgment motion without first obtaining leave of the Court." *Id.* Plaintiffs filed their Opposition to the Order on February 26, 2020 seeking to depose two additional witnesses, a request that Magistrate Judge Whalen denied. ECF No. 214. Defendants filed their Response to Plaintiffs' Opposition on March 11, 2020. ECF No. 215.

District courts review objections to a non-dispositive order under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A). A decision is "clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

(1948) (internal quotation marks omitted). "If two permissible views exist, a magistrate judge's decision cannot be clearly erroneous." *Hennigan v. Gen. Elec. Co.*, No. 09-11912, 2010 U.S. Dist. LEXIS 111757, *5 (E.D. Mich. Oct. 20, 2010) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)). A magistrate judge's legal conclusions are contrary to law when they "fail[] to apply or misappl[y] relevant statutes, case law or rules of procedure." *Kovatts v. State*, 1:06-cv-755, 2008 U.S. Dist. LEXIS 39897 (W.D. Mich. May 16, 2008) (quoting *Botta v. Barnhart*, 475 F. Supp.2d 174 (E.D.N.Y. 2007)).

Here, Plaintiffs argue that it was clearly erroneous for Magistrate Judge Whalen to deny Plaintiffs the opportunity to depose two additional witnesses, Officer Chadwick-Bills and Investigator Lawton.  ECF No. 214, PageID.12189. Both law enforcement officials were involved in the investigation of criminal charges against Plaintiff Jackson and Defendant Billingslea. *Id.*  Defendants assert that Plaintiffs' Motion is untimely and that the requested depositions are neither relevant nor proportional under Federal Rule of Civil Procedure 26(b)(1).  ECF No. 215, PageID.12492.

This case, with at least three amended complaints and an abundance of pretrial litigation, will be three years old in August of this year.  After numerous adjournments of the scheduling orders, this Court ordered discovery to be completed by July 17, 2019.  *See* ECF No. 121.  Pursuant to this Court's prior scheduling orders,

"[t]he court will not order discovery to take place subsequent to the discovery cutoff date," and any extensions or adjournments will only be considered "upon the filing of a timely written motion for good cause shown." *See* ECF No. 65, PageID.833. In December 2019, the parties submitted a proposed stipulated order allowing for additional discovery, but this Court did not sign it. *See* ECF No. 215-8, PageID.12526.

Upon a review of the briefs and the partial relief granted, the Court does not find it was clearly erroneous for Magistrate Judge Whalen to deny Plaintiffs' request to depose the additional two witnesses or to order that the authorized deposition not be used in the pending summary judgment motions. ECF No. 212. Plaintiffs do not cite to any authority in their Opposition that supports the argument that the magistrate made legal conclusions that are contrary to law. Instead, Plaintiffs simply assert that the magistrate erred because the requested deposition witnesses "have knowledge that is relevant" to Plaintiffs' claims and that a previous request had been denied. ECF No. 214, PageID.12192. This Court is not left with the firm and definite conviction that Magistrate Judge Whalen erred in his Order. Accordingly, Plaintiffs' Objections are overruled.

### B. Plaintiffs' Motion to File Supplemental Evidence

Next, Plaintiffs seek to file supplemental evidence prior to this Court's ruling on the pending summary judgment motions. Specifically, Plaintiffs request to file

the Rule 30(b)(6) deposition of Officer Howard Sweeney, which was permitted with limitations under Magistrate Judge Whalen's February 12, 2020 Order.  In their March 27, 2020 Response, Defendants counter that Plaintiffs did not comply with the Rule 56(d) requirements and that the new evidence is not relevant or admissible. Plaintiffs also filed a Reply on April 3, 2020 and argue that Officer Sweeney's testimony relates to the municipal liability claim and that Plaintiffs complied with the substance of Rule 56(d).

As discussed *supra*, Magistrate Judge Whalen ordered that this deposition would "not be used for the pending summary judgment motion without first obtaining leave of the Court."  ECF No. 212.  This Court denied Plaintiffs' request to take a Rule 30(b)(6) deposition in December of last year.  *See* ECF No. 215-8, PageID.12526.  Additionally, the parties do not dispute that Plaintiffs failed to comply with Rule 56(d), which requires a formal affidavit or a clear explanation from the party about "its need for more discovery on a particular topic . . . prior to or contemporaneously with the motion for summary judgment."  *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (quoting *United States v. Rohner*, 634 Fed. App'x 495, 504 (6th Cir. 2015)).

Both parties in their briefings rely on *Arla*, a case in which the Sixth Circuit found no abuse of discretion in the district court's ruling on a summary judgment motion without permitting additional discovery.  *See Arla v. Liberty Mut. Grp., Inc.*,

715 F. App'x 517, 519 (6th Cir. 2018).  In *Arla*, the plaintiffs "indicated their intent to conduct certain forms of discovery" in their response to the defendant's summary judgment motion and did not act in conformity with Rule 56(d).  *Id.* at 518.  While this alone did not defeat the *Arla* plaintiffs' argument, the district court's denial was affirmed because of the plaintiffs' lack of specificity in their evidentiary request and their failure to ask the court to deny the defendant's motion based on insufficient discovery.  *Id.*

The Court finds that the same reasoning in *Arla* applies to the present matter; Plaintiffs made an evidentiary request outside of the discovery period and did not ask this Court to deny the City Defendants' summary judgment motion on insufficient discovery grounds.[1]  Instead, Plaintiffs argued that they had sufficient evidence on this matter in both their summary judgment motion and their response to the City Defendants.  *See* ECF No. 191, PageID.10208 ("Plaintiffs believe they have provided evidence of a genuine issue of material fact as to the adequacy of Detroit's training and custom of tolerance of violations of constitutional rights to defeat summary judgment.").  As in *Arla*, this Court declines to allow Plaintiffs to file an additional deposition to supplement their summary judgment motion.  Plaintiffs' Motion to File Supplemental Evidence [#216] is therefore denied.

---

[1] The Plaintiffs noted that there was a discovery issue in their summary judgment motion, but did not move for denial on this basis.  *See* ECF No. 183, PageID.9352.

## C. Defendants' Motion to File Supplemental Authority

On May 4, 2020, the City Defendants moved to file a memorandum of supplemental authority for its summary judgment motion. ECF No. 221. The Sixth Circuit released a published opinion on March 5, 2020, one day before this Court held oral argument on the parties' summary judgment motions. The new opinion discusses qualified immunity in the context of an excessive force claim after an officer deployed a police dog to drag a suspect out of a vehicle. *Ashford v. Raby*, 951 F.3d 798, 800 (6th Cir. 2020). Plaintiffs have not yet filed a response to Defendants' motion, as it was just filed this week.

During the March 6, 2020 hearing on the summary judgment motions, Defendants noted that the *Ashford* opinion had just been released the day before. In response, the Court received the citation and case information from counsel at the close of the hearing. The Court subsequently reviewed the Sixth Circuit's analysis in *Ashford* prior to making its summary judgment determination in the present case. As counsel already put the Court on notice of the new case law, it is unnecessary for either party to submit supplemental briefing about *Ashford* at this time. Therefore, the Court will deny Defendants' Motion to File Supplemental Authority [#221].

## IV. CONCLUSION

Accordingly, for the reasons articulated above, the Court will OVERRULE Plaintiffs' Objections [#214], DENY Plaintiffs' Motion to File Supplemental

Evidence [#216], and DENY Defendants' Motion to File Supplemental Authority

[#221].

**IT IS SO ORDERED.**


s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2020


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 8, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager