# EXHIBIT 1

```
                   UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

 D'MARCO CRAFT and MICHAELE
 JACKSON,

           Plaintiffs,
                                         No. 17-cv-12752
  v


 CITY OF DETROIT, RICHARD
 BILLINGSLEA, HAKEEM
 PATTERSON, YOSSIF MANA,
 ANTOINE HILL, GLENN BINES,
 DAVID MAYS, II, NAIM BROWN,
 MICHAEL BAILEY, RANDALL
 CRAIG, and BRYAN MOORE,

           Defendants.
 _____/

                              MOTION

            BEFORE THE HONORABLE GERSHWIN A. DRAIN
                  UNITED STATES DISTRICT JUDGE
                       Telephone conference
                       Monday, May 11, 2020

 APPEARANCES:


  For the Plaintiffs:      MR. SOLOMON M. RADNER
                           Excolo Law, LLC
                           26700 Lahser Road, Suite 400
                           Southfield, Michigan  48033
                           (248) 291-9712
                           Email: Sradner@ecololaw.com

  For the Defendant        MR. CHARLES S. RUDY
  Billingslea:             Allen Brothers
                           400 Monroe Street, Suite 620
                           Detroit, Michigan  48226
                           (313) 962-7777
                           Email: Crudy@allenbrotherspllc.com
```

```
 1    APPEARANCES:

 2    For the Defendants      MR. MICHAEL KNOBLOCK
      City of Detroit,        Seward Henderson, PLLC
 3    Patterson, Yossif,      210 East 3rd Street, Suite 212
      Hill, Bines, Mays,      Royal Oak, MI  48067
 4    Brown, Bailey, Craig,   (248) 733-3580
      Moore:                  Email:
 5                            Mknoblock@sewardhenderson.com

 6
      Reported by:            Merilyn J. Jones, RPR, CSR
 7                            Official Federal Court Reporter
                              merilyn_jones@mied.uscourts.gov
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    TABLE OF CONTENTS

 2   WITNESSES:  PLAINTIFF                              PAGE
     None
 3
     WITNESSES:  DEFENDANT
 4   None

 5   OTHER MATERIAL IN TRANSCRIPT:
     Proceedings                                          4
 6
     EXHIBITS:                  Identified         Received
 7   None
```

```
 1                     Detroit, Michigan
 2                     Monday, May 11, 2020 - 10:49 a.m.
 3               THE LAW CLERK:  The Court calls the matter of Civil
 4   Action, Craft, et al versus Billingslea, et al.  Case number
 5   17-cv-12752.
 6               Counsel, please place your appearances on the
 7   record.
 8               MR. RUDY:  Good morning, your Honor.  Charles
 9   Rudy.  I am the moving party.
10               THE COURT:  Okay.
11               MR. RADNER:  Good morning, your Honor.  Solomon
12   Radner for the plaintiff.
13               THE COURT:  Okay.
14               MR. KNOBLOCK:  And good morning, your Honor.
15   Michael Knoblock on behalf of all defendants, except for
16   Richard Billingslea.
17               THE COURT:  Okay.  Is that, "Knoblock"?
18               MR. KNOBLOCK:  "Knoblock", but it looks like
19   "Knoblock".
20               THE COURT:  Okay.  "Knoblock".  Okay.
21               And just because I'm curious, are you any
22   relationship to the circuit judge?
23               MR. KNOBLOCK:  Yes.  Actually, he's my dad.
24               THE COURT:  Okay.  I was just wondering about
25   that.
```

```
1                MR. KNOBLOCK:  Uh-huh.
2                THE COURT:  Okay.  There's this, the motion to
3    withdraw before the Court.  Is there anything else to add?
4                I have -- I have read the motion.  I've read the
5    response.  Is there anything either side wants to add?
6                MR. RUDY:  Your Honor, Charles Rudy.  I have
7    nothing to add at this point.  I would note Richard Billingslea
8    is on the line.
9                THE COURT: Okay.  Good.
10               MR. RUDY:  Richard?
11               MR. BILLINGSLEA:  Yes.  I'm sorry.  Can you repeat
12   that?
13               MR. RUDY:  Okay.  All right.
14               THE COURT:  Okay.  Mr. Billingslea?
15               MR. BILLINGSLEA:  Yes.
16               THE COURT:  You understand what the motion is all
17   about and everything; is that right?
18               MR. BILLINGSLEA:  Yes.
19               THE COURT:  Okay. All right.  Let's see, Mr.
20   Radner, do you have any comment at all?
21               MR. RADNER:  I do have one very brief comment if I
22   may.
23               THE COURT:  Okay.
24               MR. RADNER:  The City has repeatedly taken the
25   position that Billingslea did nothing wrong.  With that being
```

1   the City's position, I don't see how they can now take the
2   position that they're not going to indemnify.  But I don't know
3   if that particular issue is before the Court.
4   　　　　　　Other than that, I would just rely on the papers
5   that I submitted and leave it to the Court's discretion.
6   　　　　　　THE COURT:  Okay.
7   　　　　　　All right.  You know, I almost never prevent a
8   lawyer from withdrawing on a case when he's not being paid, and
9   we're at a stage in the case where it's a big hindrance or
10  interference.
11  　　　　　　So, I'm going to go ahead and grant the motion to
12  withdraw.
13  　　　　　　And, Mr. Billingslea, you're on the line, right?
14  　　　　　　MR. BILLINGSLEA:  Yes, sir.
15  　　　　　　THE COURT:  Okay.  So, I want to tell you now
16  that you really don't have a lawyer at this point because I'm
17  allowing Mr. Rudy to withdraw.
18  　　　　　　And so, what I'm going to do is I'm going to give
19  you 30 days to hire a lawyer.  That's kind of like the normal
20  standard time judges give people to get new lawyers.
21  　　　　　　And so, if you are unable to get a lawyer in 30
22  days, you're going to have to represent yourself, and I don't
23  recommend that to anybody, especially, in this kind of case
24  where it's pretty complicated, pretty detailed, and, you know,
25  there's a chance that you could be found liable on this case

```
 1   and responsible for some extensive damages.
 2              So, I'm going to give you 30 days to hire a
 3   lawyer.
 4              And what I'm going to do is I'm going to stay all
 5   the proceedings on the case.  We're not going to do anything on
 6   the case.  I don't want anybody to file anything.  I don't want
 7   anything to happen in the next 30 days.
 8              And I'm going to set a new status conference date
 9   for June the 11th at 10 a.m.
10              And so, Mr. Billingslea, I don't know if we'll be
11   live or we'll still be by phone, but you'll have to have a
12   lawyer by that date because I'm going to recommence the
13   proceedings on this case.  We're going to pick up where we left
14   off and just kind of keep moving.
15              So, again, I just want to urge you and encourage
16   you to get a lawyer and have the lawyer appear either live or
17   by phone for a status conference on June the 11th at 10 a.m.,
18   and then we'll proceed further from there.
19              Any questions on behalf of anyone at this point?
20              MR. RUDY:  Your Honor, you want me to -- this is
21   Charles Rudy.  Do you want me to submit a proposed order?
22              THE COURT:  Yes.
23              MR. RUDY:  Okay.  I mean, I did submit one, but
24   it's different.  I didn't know the Court's ruling, so I will
25   make changes and resubmit.
```

```
 1                    THE COURT:  Okay.  All right.  That sounds good.
 2                    And let me just say, let's see, Mr. Radner, I
 3   don't know where things are, but, you know, one thing that I
 4   don't want to stop discussions about is trying to settle the
 5   case.
 6                    Mr. Knoblock?
 7                    MR. KNOBLOCK:  Yes, your Honor.
 8                    THE COURT:  Are you in touch with somebody from
 9   corporation counsel on this case?
10                    MR. KNOBLOCK:  Yes.
11                    THE COURT:   Okay.  And so, I really want you all
12   to really think about and talk about trying to resolve the
13   case, and see if there's any way to work it out just so that,
14   you know, the case can be over with.
15                    MR. KNOBLOCK:  Sure.
16                    THE COURT:  And so, you all got my order granting
17   in part, denying in part the summary judgment motion, and I
18   don't know if there was any desire to appeal the qualified
19   immunity thing.
20                    But, anyway, settling the case is always the best
21   way to resolve it.
22                    And is there anything else we need to talk about
23   on this matter?
24                    MR. RUDY:  Your Honor, Charles Rudy, again.  The
25   issue of appeal raises an interesting point in my mind, and
```

1  that is, while the case, the case is stayed for 30 days, it
2  would be my understanding that that would not impact the
3  timeline for taking an appeal to the Sixth Circuit.
4              THE COURT:  When you say "not impact" are you
5  asking if that time would be stayed also?
6              MR. RUDY:   Yes.
7              THE COURT: Yes.  Yeah.  Yeah.
8              So, you know, in the order, and if the order that
9  you draft and submit, Mr. Rudy, is not totally in line with
10 what I have in mind, I may have my law clerk prepare an order.
11             But it's my intention that that window of time be
12 stayed for purposes of appeal, too, primarily for Mr.
13 Billingslea's benefit so he can get a lawyer who can get in on
14 the case and kind of get up to speed a little bit.
15             MR. RUDY:   That's why I asked, judge.
16             THE COURT: Yeah.  Okay.
17             MR. RUDY:  To make that clear.
18             THE COURT:  All right.  Good enough.
19             Anything else, gentlemen?
20             MR. BILLINGSLEA:  This is Richard Billingslea.  I
21 do have one question.
22             THE COURT:  Okay.
23             MR. BILLINGSLEA:  I mean, you know, this is a hard
24 time for everybody.  I'm not working.  So, in the event I'm not
25 able to retain an attorney within the next 30 days, I mean,

```
1    what do I do as far as next?
2               THE COURT:  Well, you have to come to court, like
3    I said, if we have a phone conference, you need to be on that
4    phone conference, and you need to do the best you can to
5    represent yourself, because, like I said, I've got to keep the
6    case moving.  It's a kind of old case now because it's been
7    delayed for a number of different reasons, and I, like I said,
8    I really have to just kind of keep the case moving.  I can't,
9    you know, sit around and wait for you to get a lawyer.
10              MR. BILLINGSLEA:  Yeah, I understand.  I don't
11   even want this case to sit around.  I'm with you on that a
12   hundred percent.  But since, I mean, nobody is working.  I
13   don't know a set return time or date for myself.
14              So, I mean, likelihood of being able to retain an
15   attorney in the next 30 days is very low.
16              THE COURT:  Okay.  Let me just tell you, then, do
17   the best you can and make sure that you contact my office on
18   June the 11th, because we're going to have another conference
19   at 10 o'clock.  And, like I said, the case is going to move
20   forward.  You're going to, like I said, do the best you can to
21   represent yourself at this point.
22              MR. BILLINGSLEA:  Okay.  What do --
23              THE COURT:  You might --
24              MR. BILLINGSLEA:  Where do I get the information
25   from your office at?
```

```
 1                THE COURT:  Let's see, I can give you my case
 2   manager's phone number, and do you have a pencil?
 3                MR. BILLINGSLEA:  Yes.
 4                THE COURT:  The number is, Area Code 313-234-5213.
 5   Okay.  Just call her and check in on June the 11th, and if you
 6   by chance have a lawyer, have the lawyer call in.
 7                MR. BILLINGSLEA:  Okay.  What -- this person's
 8   phone number, what's her name again?
 9                THE COURT:   Her name is Teresa, spelled just like
10   "Teresa", and her last name is McGovern, M-C-G-O-V-E-R-N.
11                MR. BILLINGSLEA:  All right.
12                THE COURT:  Okay?
13                MR. BILLINGSLEA:  Yes.
14                THE COURT:  All right, any --
15                MR. RUDY:   Richard?
16                MR. BILLINGSLEA:  Yes.
17                MR. RUDY:  If you're unable to retain counsel and
18   you speak with Ms. McGovern, I think, I would suggest you ask
19   her, and I can provide you some assistance with this, I think
20   you need to register with the court to receive internet
21   notifications.
22                So, that's the way we keep track of what goes on
23   in the court, and I really highly recommend it, and Ms.
24   McGovern can give you some guidance; my secretary can give you
25   some guidance.  I'm inept at that, but you would need to
```

```
 1   register online so that anything that's filed and any notices
 2   that go out would be sent to you.  So keep that in mind.
 3              MR. BILLINGSLEA:  Okay.
 4              MR. RADNER:  Your Honor?
 5              THE COURT:  Okay.  Yes?
 6              MR. RADNER:  Solomon Radner.  I do have a question
 7   now.
 8              If I want to reach out to Mr. Billingslea to
 9   discuss resolution with him, not on behalf of the City, but
10   just on his own, for his own benefit, is there new contact
11   information that we have for him.  I know that when an attorney
12   enters an appearance we get an e-mail address, a phone number,
13   is there going to be any way I can have that information,
14   because I do have a proposal for him.
15              THE COURT:  Okay.  Let's see, Mr. Rudy, do you
16   have any thoughts about that?  Any reaction to it?
17              MR. RUDY:  Umm --
18              THE COURT:  I know you're on your way out, but...
19              MR. RUDY:  Yeah.  Yeah.
20              I'd be happy to continue to put people in contact.
21   Richard and I have continuing -- hopefully -- we have a good
22   relationship right now.
23              THE COURT:  Okay.
24              MR. RUDY:  It will continue.  I'd be happy to
25   facilitate that, not participate, but I'd be happy to put Mr.
```

```
 1   Radner and Mr. Billingslea in contact.
 2              THE COURT:  Okay.
 3              And, I guess, at this point, because he's not
 4   represented, I suppose that there isn't any problem that I see
 5   -- well, no, I guess, there -- well, in terms of discussing the
 6   settlement, I suppose that's okay, but --
 7              What do you think, Mr. Rudy, just kind of on your
 8   way out?
 9              MR. RUDY:  I don't see any ethical problems with
10   that.  I think that Richard is able to speak for himself on
11   those issues of settlement very adequately.
12              THE COURT:  Okay.
13              MR. RUDY:  So, I don't see an ethical issue with
14   that, but Mr. Billingslea is, you know, you've stayed the case
15   for a month, but you've urged the parties to explore a
16   settlement.
17              THE COURT:   Yes.
18              MR. RUDY:  So, I can see that there may be need
19   for some contact.  I don't think Mr. Billingslea has the
20   wherewithal to be an active participant in settlement or at
21   least a significant, but I don't see any ethical problem with
22   that and I'll do whatever I can to facilitate.
23              THE COURT: Okay.  Good.  Thank you.
24              So --
25              MR. RADNER:  What I have in mind --
```

| | |
|---|---|
| 1 | THE COURT: Go ahead. I'm sorry. |
| 2 | MR. RADNER: No. What I have in mind is not |
| 3 | particularly monetary. So, I would like to talk to Mr. |
| 4 | Billingslea whenever that would be possible. |
| 5 | THE COURT: Okay. |
| 6 | MR. RADNER: So, I guess, he already has my |
| 7 | number. I guess, I'll get his contact info from Mr. Rudy, |
| 8 | which would be great. |
| 9 | THE COURT: Okay. |
| 10 | MR. RADNER: And other than that, the only other |
| 11 | question I have as far as the stay goes, unless, of course, I |
| 12 | don't understand the judge's ruling, I think that the order |
| 13 | should also say that any motion to, for certificate of |
| 14 | appealability, or interlocutory appeal should also be stayed 30 |
| 15 | days as well. Is that fair? |
| 16 | THE COURT: Yeah. |
| 17 | MR. RADNER: Okay. |
| 18 | THE COURT: Yeah. Thirty days -- |
| 19 | MR. RADNER: I have nothing else from the |
| 20 | plaintiffs. |
| 21 | THE COURT: Okay. Technically, it's a little |
| 22 | more than 30 days because the next scheduled conference is June |
| 23 | the 11th, so that's about 33 days, maybe or, no, today is the |
| 24 | 11th. Yeah. Yeah. So, it's 30 days. |
| 25 | Yeah. Okay. All right. Anything else? |

15

1   MR. RUDY: No, sir.

2   MR. RADNER: Not from the plaintiff. Thank you.

3   MR. KNOBLOCK: No, your Honor. Thank you.

4   THE COURT: All right, then, we'll be in recess
5   on the case until June the 11th at 10 a.m., unless there's some
6   kind of resolution in the interim.

7   All right, gentlemen, thank you and I'll talk to
8   you later.

9   MR. RADNER: Thank you.

10   MR. RUDY: Thank you, your Honor.

11   THE COURT: All right.

12   (At 11:05 a.m. proceedings concluded)

13                    C E R T I F I C A T E

14   I, Merilyn J. Jones, Official Court Reporter of the
15   United States District Court, Eastern District of Michigan,
16   appointed pursuant to the provisions of Title 28, United States
17   Code, Section 753, do hereby certify that the foregoing pages
18   1-15, inclusive, comprise a full, true and correct transcript
19   taken in the matter of D'Marco Craft, et al v Richard
20   Billingslea, et al, 17-cv-12752 on Monday, May 11, 2020.

21

22              /s/Merilyn J. Jones
                Merilyn J. Jones, CSR, RPR
23              Federal Official Reporter
                231 W. Lafayette Boulevard
24              Detroit, Michigan  48226

25   Date: June 12, 2020