# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

D'MARCO CRAFT and
MICHAELE JACKSON,

      *Plaintiffs,*

                                    Case No.: 17-cv-12752

                                    Hon. Gershwin A. Drain

v.

CITY OF DETROIT, Et Al,

      *Defendants*.

                                                           /

## PLAINTIFFS' MOTION TO COMPEL
## REPRESENTATION AND INDEMNIFICATION

NOW COME Plaintiffs, D'Marco Craft and Michaele Jackson, by and through counsel, Johnson Law, PLC, and file this Motion to Compel Representation and Indemnification. Plaintiffs sought concurrence to no avail.

1. On August 22, 2017, Plaintiffs initiated this action (ECF No. 1) against Defendants City of Detroit ("Detroit"), Richard Billingslea ("Billingslea"), and others.

2. On Sept. 7, 2017, Defendant Detroit filed a Motion to Dismiss. (ECF No. 5).

3. On September 28, 2017, Plaintiffs filed their First Amended Complaint ("FAC"). (ECF No. 7).

1

4. On Sept. 8, 2017, Defendants, all of whom were represented by the same Detroit Law Department ("Dept") lawyer, filed a single Motion to Dismiss. (ECF No. 8, PageID.87).

5. On Dec. 6, 2017, the Court entered an Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss. (ECF No. 16, PageID.176).

6. Also on Dec. 6, 2017, all defendants filed Answers and Affirmative Defenses, again with the same one lawyer representing all defendants. This includes Billingslea's Answer, (ECF No. 19, PageID.195), and Detroit's Answer. (ECF No. 20, PageID.229).

7. The affirmative defenses of both Billingslea and Detroit included defenses that Billingslea's actions were legal, proper, and reasonable. (*See* ECF No. 19, PageID.260, ¶ 9-10). Billingslea's Affirmative defense include, (*see* ECF No. 19, PageID.226, Affirmative Defense # 9), that Billingslea was acting "in good faith and without malice and within the scope of his or her duties as a Police Officer of The City of Detroit…"

8. ECF Nos. 19 and 20 were signed by that same one lawyer who was representing all defendants.

9. On Dec. 21, 2017, Billingslea was charged with multiple crimes, of which only Plaintiffs Jackson and Craft were victims, including:

    a. Felony – Assault with intent to do great bodily harm, less than murder,

b.  Misdemeanor – Aggravated Assault,

c.  Felony – Common Law Offenses,

d.  Felony – Obstruction of Justice.

10. Detroit's police department ("DPD") was the investigating agency that sought these criminal charges. (ECF No. 125-2, PageID.2109).

11. Despite what was then a clear and obvious conflict of interest, all defendants, including Billingslea and Detroit, continued to be represented by that same one Detroit Law Dept lawyer. That lawyer did not move to withdraw from representing Billingslea or the other defendants.

12. On Dec. 22, 2017, Plaintiffs filed their Second Amended Complaint ("SAC"). (ECF No. 31, PageID.397).

13. On December 28, 2017, ***__with criminal charges pending against Billingslea__***, all defendants filed Answers and Affirmative Defenses, again with one single lawyer still representing all defendants. Detroit's Answer and Affirmative Defenses, (ECF No. 36), and Billingslea's Answer and Affirmative Defenses, (ECF No. 37), ***__still__*** included defenses that Billingslea's actions were legal, proper, and reasonable. Billingslea's Affirmative Defenses (*Id*. at PageID. 511), include a defense that Billingslea was "an employee of CITY OF DETROIT and was working in the course of his or her employment and within the scope of his or her authority" and that he was acting "in good faith and

3

without malice and within the scope of his or her duties as a Police Officer of The City Of Detroit…" Billingslea's Answer and Affirmative Defenses were again signed by that same one lawyer who was still representing all defendants, despite Billingslea facing criminal charges. (*Id*. at PageID.514).

14. On January 24, 2018, Defendants, still represented by that same one lawyer, filed a motion to stay the action, pending resolution of the criminal action against Billingslea. (ECF No. 51, PageID.715). Plaintiffs opposed that Motion. (ECF No. 53, PageID.762).

15. On March 21, 2018, the Court stayed the proceedings. (ECF No. 57. PageID.798).

16. On Aug. 30, 2018 Billingslea pled no contest to misdemeanor aggravated assault, and felony obstruction of justice. (ECF No. 59-1, PageID.812-814). Billingslea's aggravated assault conviction stemmed from what he did to Plaintiff Michaele Jackson, which is the subject of this action; Billingslea's obstruction of justice conviction stemmed from his seizure of Plaintiff's D'Marco Craft's cell phone, which recorded Billingslea's assault, also which is the subject of this action.

17. On September 18, 2018, the Court entered an Order lifting the stay effective September 21, 2018 – Billingslea's scheduled sentencing date. (ECF No. 63, PageID.826-829).

4

18. **FROM SEPTEMBER 18, 2018 THROUGH TODAY, BILLINGSLEA HAS BEEN A CONVICTED FELON FOR THE EXACT ACTS THAT ARE COMPLAINED-OF IN THE INSTANT ACTION**.

19. On Jan. 30, 2019, Plaintiffs filed their Third Amended Complaint ("TAC"). (ECF No. 72, PageID.920). That is Plaintiff's operative pleading and has never been amended.

20. On Feb 6, 2019, Detroit filed its Answer and Affirmative Defenses. (ECF No. 76, PageID.972).

21. On March 4, 2019, Billingslea filed his Answer and Affirmative Defenses. (ECF No. 84, PageID.1311).

22. Detroit's Answer and Billingslea's Answer were filed by that same one Detroit Law Dept lawyer, who was still representing all parties, despite Billingslea's 'felon' status. (ECF No. 76, PageID.1020); (ECF No. 84, PageID.1355).

23. Detroit's Affirmative Defenses state that Billingslea's actions were lawful, proper, without malice, and reasonable. (ECF No. 76, PageID.1018-1019), Billingslea's Affirmative Defenses, **signed subject to Rule 11 by that same lawyer**, state that Billingslea was "an employee of CITY OF DETROIT and was working in the course of his or her employment and within the scope of his or her authority" and that Billingslea was acting "in good faith and without

5

malice and within the scope of his or her duties as a Police Officer of The City Of Detroit…" (ECF No. 84, PageID.1352-1354).

24. **<u>Both Detroit's and Billingslea's Answers and Affirmative Defenses, have never been amended. Thus, they still represent Detroit's position today</u>**.

25. On May 1, 2019, Defendants, through that same one lawyer, filed a motion to withdraw from representing <u>**only**</u> Billingslea – that same one counsel still represent the other defendants. (ECF No. 100). Defendants attached an exhibit, IE City Council minutes from April 30, 2019, which was subsequently stricken and redacted. (*See* ECF No. 103 and No. 107). In the Motion, Defendants argue to the Court, (ECF No. 100, PageID.1545), that "Detroit City Council evaluated the evidence, and voted to deny Defendant, Richard Billingslea, Defense and Indemnification in the above captioned matter." However, Detroit City Council only voted to deny Billingslea any representation and indemnification, ***<u>because the Detroit Law Dept recommended it</u>***. See Stricken ECF No. 100-2, PageID.1549.

26. Essentially, at the same time that the Detroit Law Dept was counsel of record for ALL defendants and representing to the Court that Billingslea acted in good faith, that same Law Dept was contemporaneously recommending to Detroit City Council to harm the Law Dept's own represented client, IE Billingslea, by recommending to Council that Detroit not indemnify Billingslea.

6

27. Further, Detroit was *and still is* representing to this Court, through ECF No. 76 and ECF No. 84, that Billingslea's actions were "lawful, reasonable, proper, and within the scope of his employment as a DPD officer," yet Detroit was making the exact opposite representation in administrative proceedings concerning the indemnification and representation of Billingslea. Detroit's position in that administrative proceeding was that Billingslea was ***not*** acting "in the good faith performance of his duties," so Detroit was ***not*** obligated to indemnify or represent him.

28. As is clear from the language in DPD's collective bargaining agreement with Detroit, pertinent excerpt below, Detroit is contractually obligated to represent and indemnify Billingslea if he was acting "in the good faith performance of his duties." (Exhibit 1, Master Agreement between Detroit and Detroit Police Officers Association). As documented, Detroit's representation to this Court is and always has been explicitly that Billingslea was acting in good faith.

## 27. LEGAL REPRESENTATION AND INDEMNIFICATION

The City will provide legal counsel and pay any costs and judgments that arise out of lawsuits filed against Employees alleging any act committed while said Employee was in the good faith performance of his duties. A contrary determination by the City is not final and binding as provided by the Municipal Code of the City of Detroit but is subject to review by an arbitration panel under the grievance arbitration provisions of this Agreement. Pending a final determination of whether or not the Employee is entitled to defense and indemnification by the City, the City shall promptly undertake such defense on behalf of such Employee.

This provision shall otherwise be in accordance with Section 13-11-3 of the Municipal Code of the City of Detroit.

29. A mere cursory review of the language of this Agreement, specifically "*while said employee was in the good faith performance of his duties*" demonstrates unequivocally that Detroit believed that Billingslea was acting in the good faith performance of his duties and was thus entitled to representation and indemnification, which Detroit provided to Billingslea, first having the Law Dept represent him and then hiring Charles Rudy and Allen Brothers to represent him. (ECF No. 109, PageID.1599); (ECF No. 110, PageID.1601). The only conceivable reason that Detroit would incur such expense is if Detroit is required to do so. And the only way Detroit could be required to do so is per the herein cited Agreement, which only requires representation if "*said employee was in the good faith performance of his duties.*"

30. Further, in addition to the ***current*** representations made by Detroit thorough its Answer and Affirmative Defenses, (ECF Nos. 76 and 84), that Billingslea's actions were lawful and in good faith, Detroit's experts and Billingslea's supervisor, Sgt Randall Craig, agree that Billingslea did nothing wrong. (Sgt. Craig's Deposition Transcript, ECF No. 183-7, PageID.9515).

31. Detroit retained a police procedures expert, Timothy McGuckin, who expressly opined that Billingslea "was performing his sworn duties on 5/31/17" and that "the force used by Billingslea was objectively reasonable…" (Exhibit 2, McGuckin's Expert Report, p. 17).

8

32. Further, Steven Ashley, a police procedures expert retained by Billingslea, and paid for by Detroit as required by the DPOA Agreement, opined that Billingslea's actions were justified, and that Mr. Ashley would teach the next generation of police officers to act the same way. (Exhibit 3, Ashley's Deposition Transcript, p. 10-12).

33. Additionally, Sgt. Randall Craig was Billingslea's supervisor at the time of the incident, and was a 26-year DPD officer, including six years as a supervisor as of April 29, 2019. Sgt. Craig testified that Billingslea did nothing wrong and that Billingslea did not violate any of Detroit's policies, procedures, protocols, or customs. (ECF No. 183-7, PageID.9515).

34. Detroit has thus taken the position from the beginning of this action though today that Billingslea acted in good faith, and that his actions were lawful, proper, and reasonable. Detroit must live with that position. Per its agreement with DPOA, that means Detroit must represent and indemnify Billingslea.

## **CONCLUSION**

Detroit's lawyers have consistently represented to the Court that Billingslea did nothing wrong, both when signing pleadings on behalf of Billingslea as well as when signing pleadings on behalf of Detroit.

Detroit's affirmative defenses explicitly state that Billingslea acted legally and reasonably.

Detroit's retained expert, Timothy McGuckin, opined that Billingslea did nothing wrong.

Billingslea's retained expert, Steven Ashley, paid for by Detroit, opined that Billingslea did nothing wrong.

Sgt Craig, a 26-year veteran, and Billingslea's acting supervisor testified that Billingslea did nothing wrong and that Billingslea followed DPD policies.

But somehow when it comes time to represent and indemnify Billingslea, per Detroit's indemnification agreement with DPOA, Detroit's position takes a 180 degree turn and Detroit's position is that Billingslea's conduct was SO wrong that he is not even entitled to indemnification and representation.

Allowing Defendant Detroit to take such hypocritical stances, renders Rule 11 pointless. Defendant Detroit has repeatedly represented its position to this Court, subject to Rule 11, that Billingslea did nothing wrong and was acting in good faith, and yet at the same exact time Detroit is also taking the exact opposite position.

WHEREFORE, Plaintiffs respectfully requests that the Court GRANT the instant motion and order the following:

A) That Detroit is obligated to indemnify and represent Billingslea,

B) That Detroit may not amend its Answers in ECF No. 76 and ECF No. 84, and therefore Detroit's position moving forward must remain that: Billingslea's actions were done in good faith; Billingslea's actions were

legal, proper, and reasonable; and Billingslea was an employee of CITY OF
DETROIT and was working in the course of his or her employment and
within the scope of his or her authority" and that he was acting "in good
faith and without malice and within the scope of his or her duties as a Police
Officer of The City Of Detroit.

C) As an alternative relief: That the partial settlement is void so that plaintiffs
may renew their motion for reconsideration, ECF No. 227, including the
Court's Order granting Summary Judgment on Plaintiff's *Monell* claim.

D) All other relief this court deems proper.

For these reasons and the reasons stated in the attached brief, Plaintiffs
respectfully request this Court **GRANT** Plaintiff's Motion To Compel
Representation and Indemnification.

Respectfully Submitted,

JOHNSON LAW, PLC

Dated:  May 3, 2021              By: */s/ Solomon M. Radner*
                                Solomon M. Radner (P73653)
                                Attorneys for Plaintiffs
                                535 Griswold St, Suite 2600
                                Detroit, MI 48226
                                (313) 324-8300
                                Sradner@VenJohnsonLaw.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

D'MARCO CRAFT and
MICHAELE JACKSON,

       *Plaintiffs,*

v.

CITY OF DETROIT, Et Al,

       *Defendants*.

Case No.: 17-cv-12752

Hon. Gershwin A. Drain

_____/

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
## REPRESENTATION AND INDEMNIFICATION

ii

## STATEMENT OF ISSUES PRESENTED

WHETHER DETROIT SHOULD BE COMPELLED TO REPRESENT AND INDEMNIFY BILLINGSLEA WHERE IT HAS REPEATEDLY MAINTAINED TO THIS COURT, THAT BILLNGSLEA ACTED IN THE GOOD FAITH PERFORMANCE OF HIS DUTIES AS A POLICE OFFICER AND THAT HIS ACTIONS WERE LAWFUL AND PROPER.

Plaintiffs: Yes


WHETHER DETROIT SHOULD BE PERMITTED TO AMEND ITS ANSWER AND AFFIRMATIVE DEFENSE, ECF NO. 76, IN WHICH IT STATES TO THE COURT THAT BILLINGSLEA'S ACTIONS WERE LAWFUL, REASONABLE, AND PROPER.

Plaintiffs: No


WHETHER DETROIT HAS WAIVED ITS RIGHT TO CLAIM THAT BILLINGSLEA IS NOT ENTITLED TO INDEMNIFICATION AND REPRESENTATION, WHEN (1) THE DPOA AGREEMENT STATES HE IS ONLY REPRESENTATED AND INDEMNIFIED "*WHILE SAID EMPLOYEE WAS IN THE GOOD FAITH PERFORMANCE OF HIS DUTIES*" AND (2) DETROIT HAS REPEATEDLY TAKEN THE POSITION TO THE COURT, AND STILL DOES, THAT BILLINGSLEA'S ACTIONS WERE LAWFUL, PROPER, AND LEGAL.

Plaintiffs: Yes


WHETHER, SUBJECT TO RULE 11, DETROIT IS PERMITTED TO CLAIM THAT BILLINGSLEA WAS NOT ACTING IN GOOD FAITH AND THUS NOT ENTITLED TO REPRESENTATION AND INDEMNIFICATION, WHEN BILLINGSLEA'S ANSWER, ECF NO. 84, WHICH WAS SIGNED BY A DETROIT LAW DEPT LAWYER AFTER BILLINGSLEA'S CONVICTION, INDICATES THAT BILLINGSLEA WAS ACING IN GOOD FAITH.

Plaintiffs: No.

## CONTROLLING / APPROPRIATE AUTHORITY

*Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009)

*Grimes v. Bessner, et al*, 17-cv-12860 (E.D. Mich. June 7, 2018)

*Barkley v. City of Detroit*, 204 Mich. App. 194, 514 N.W.2d 242 (1994).

*Mirando v. United States Dep't of Treasury*, 766 F.3d 540 (6th Cir. 2014)

## LAW AND ARGUMENT

I.   DETROIT HAS WAIVED THE RIGHT TO DENY INDEMNIFICATION AND REPRESENTATION FOR PLAINTIFFS' CLAIMS ALLEGING VIOLATIONS OF CIVIL RIGHTS BY FORMER DETROIT POLICE OFFICER RICHARD BILLINGSLEA

In the Sixth Circuit, "attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) (citing *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002)). *See Grimes v. Bessner, et al*, 17-cv-12860, ECF No. 66, PageID.843 (E.D. Mich. June 7, 2018) (denying motion to withdraw finding attorney general engaged "in conduct that warrant[ed] a forfeiture of the presumptive right to withdraw") (Exhibit 4); *Meznarich v. Morgan Waldron Ins. Mgmt. LLC*, 2012 U.S. Dist. LEXIS 18403, at *12 (N.D. Oh. Feb. 14, 2012) (denying motion finding request to withdraw "could arguably be viewed as a strategic move, committed on behalf of [a party] Morgan Waldron, to specifically coerce the parties into dismissing the lawsuit, or perhaps more generally, to eschew the responsibility of staying actively involved in this litigation.") (Exhibit 5).

As discussed herein, Detroit's and the Detroit's Law Departments conduct in this case violated the Michigan Rules of Professional Conduct, Rule 11 of the Federal Rules of Civil Procedure, and demonstrated strategically timed and coercive behavior to impede Plaintiffs' ability to effectively litigate their claims and obtain

justice for Defendants' violations of Plaintiffs clearly established constitutionally protected rights.

In addition, the terms of the Master Agreement between the City of Detroit and the Detroit Police Officers Association compel representation and indemnification of Defendant Billingslea by Defendant Detroit. (*See* Exhibit 1, p. 44, ¶ 27) ("The City will provide legal counsel and pay any costs and judgements that arise out of the lawsuits filed against Employees alleging any act committed while said Employee was in the good faith performance of his duties.").

a. <u>Detroit Has Exhibited Bad Faith, Strategically Timed, Contradictory, and Coercive Behavior in the Withdrawal and Denial of Representation and Indemnification of Defendant Billingslea</u>

i. *Michigan Rules of Professional Conduct*

Going back to 1994, the Michigan Court of Appeals has definitively stated that a conflict of interest "arises when the corporation counsel represents both the city and an employee in an underlying suit while at the same time arguing to the city counsel that no representation should be provided." *Barkley v. City of Detroit*, 204 Mich. App. 194, 200, 514 N.W.2d 242, 245 (1994).

Reviewing the Michigan Rules of Professional Conduct, the Michigan Court of Appeals explained:

"[A]n attorney from the city's law department may not first interview an employee concerning an underlying suit, thus obtaining confidential information, and then use that information to argue to the city council

2

that no representation should be provided in the underlying case because the particular employee was not acting in good faith within the scope of employment. It is quite clear that such conduct would be a prohibited use of confidential information obtained from one client for the benefit of another client. MRPC 1.6(b); MRPC 1.8(b).

The Court determined that the prohibition on arguing for a denial of representation is extended to all attorneys in the city's law department even those "properly screened from any exposure to confidential information obtained from an employee." *Id*. The Court of Appeals concluded that "the various conflicting or potentially conflicting obligations reviewed above lead us to conclude <u>that an attorney with the city's law department reasonably could not believe that representation of plaintiffs while also representing the city would not be materially limited or adversely affected by the attorney's preexisting duties to the city</u>." *Id*. at 207 (citing MRPC 1.7(b)) (emphasis added).

Accordingly, representing to the Detroit City Council that the Detroit Law Department believed Defendant Billingslea should not be indemnified by Detroit, while simultaneously representing Defendant Billingslea as a client, was a clear violation of MRPC 1.7(b). Further, it was in direct contradiction to the multiple filings made by attorneys in the Detroit Law Department in which it was argued that Billingslea was in the scope of his employment at all times relevant to the allegations in the complaint, and that Defendant Billingslea's conduct was lawful and not improper, <u>both before and after</u> Defendant Billingslea was charged and was

3

convicted of crimes arising specifically from the allegations in Plaintiffs' complaint.

(ECF No. 19, PageID.226, ¶ 9); (ECF No. 20, PageID.260, ¶ 9-10); (ECF No. 76,

PageID.1019, ¶ 9-10); (ECF No. 84, PageID.1353-1354, ¶ 9) (withdrawn ECF No.

125-1, attached as Exhibit 6).

*ii. Rule 11 of the Federal Rules of Civil Procedure*

These contradictory filings violate Rule 11 of the Federal Rules of Civil

Procedure ("FRCP"). FRCP 11(b), Representations to the Courts, states:

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

In September 2018, Billingslea pled *nolo contendre* to one count of aggravated assault and one count of obstruction of justice. (ECF No. 125-1, PageID.2104-2107). These crimes arose out of the factual allegations contained in Plaintiffs' complaint and the complaining witness was a Detroit police sergeant. (ECF No. 72, PageID.923, ¶ 20) (withdrawn ECF No. 125-2, PageID.2109). After this plea, the Detroit Law Department, the legal arm of Detroit, continued to represent Billingslea and even argued that Defendant Billingslea's conduct was reasonable, legal, in the scope of his employment, in good faith and without malice.

On February 6, 2019, the Detroit Law Department on behalf of Detroit filed its response to Plaintiffs' Third Amended Complaint. In its answer, Detroit asserted that the "actions of the Individual Defendants were legal and proper, engaged without malice…" and the "actions of the Individual Defendants were reasonable, proper, and legal." (ECF No. 76, PageID.1019, ¶ 9-10).

Similarly, almost a month later, on March 4, 2019, Detroit Law Department on behalf of Billingslea filed a response to Plaintiff's Third Amended Complaint. Once again, the answer asserted that the "actions of RICHARD BILLINGSLEA were lawful and proper…" as well as "reasonable, proper and legal." (ECF No. 84, PageID.1354, ¶ 12-13). Defendant Billingslea's answer further maintains that he was "working in the course of his or her employment and within the scope of his or her authority" and that he "acted in good faith and without malice and within the scope

5

of his or her duties as a Police Officer of THE CITY OF DETROIT and Peace officer of the State of Michigan." (*Id*. at PageID.1352-1354, ¶ 1; ¶ 9).

On April 30, 2019, the Detroit City Council denied legal representation and indemnification to Defendant Billingslea for the allegations in Plaintiffs' complaint. (stricken ECF No. 100-2, PageID.1549). This determination was made in accordance with the Law Department's recommendation to deny.

Thus, Detroit, through its law department, still to this day argue two incompatible, contradictory, and inconsistent positions: Detroit has argued that Billingslea's actions were reasonable, legal, in the scope of his employment, in good faith and without malice. At the same time, Detroit has also determined, behind closed doors and with the recommendation of the Detroit Law Dept, that Billingslea's conduct in this case was not a good faith performance of his duties.

Detroit City Ordinance § 13-11-3(5), requires, as a condition for defense and reimbursement by the city, that the "city council must find and determine that the claim, demand or suit against the officer or employee arises out of or involves the performance in good faith of the official duties of the officer or employee involved." The agreement between the City of Detroit and the Detroit Police Officer Association mandates that the "City will provide legal counsel and pay any costs and judgments that arise out of lawsuits filed against Employees alleging any act

6

committed while said Employee was in the good faith performance of his duties." (Exhibit 1, p. 44, ¶ 27).

Despite its statements to this Court, the Detroit Law Department recommended the City deny representation and indemnification. (ECF No. 100-2, PageID.1549). The only reasonable interpretation of the stricken document's redacted portions is that the Law Department informed the City Council that it does not believe the allegations against Defendant Billingslea contained in Plaintiffs' complaint arose "out of or involves the performance in good faith of the official duties of the officer or employee involved." Detroit City Ordinance § 13-11-3(5). After this determination, Detroit Law Department moved to withdraw representation only on behalf of Defendant Billingslea and remains a counsel of record in the case for Defendant Detroit. (ECF No. 100, PageID.1544). Neither Defendant Billingslea nor Defendant Detroit has amended their pleadings.

Maintenance of such contradictory claims to the court violates Rule 11 of the Federal Rules of Civil Procedure's mandate that defenses "are warranted by existing law," that factual allegations "have evidentiary support," and any "denial of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b)(1)-(4). Arguing that the "actions of the Individual Defendants [including Billingslea] were reasonable, proper, and legal," (ECF No. 76, PageID.1019, ¶ 10), is in direct

contradiction to the position that an individual defendant in this case was not acting in the good faith scope of his employment.

Further, arguing to the court that Billingslea acted in the good faith scope of his employment and filing signed papers to that effect demonstrates an improper purpose such as "to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  For example, had Detroit and its Law Department not maintained contradictory positions to this court and the city council regarding Billingslea's good faith conduct in the scope of his employment, this motion to compel representation and indemnification pursuant to the DPOA agreement and Detroit City Ordinance would not be necessary. *See HD Brous & CO. v. Mryzglocki*, 2004 U.S. Dist. LEXIS 3095, at *44-47 (S.D. N.Y. Feb. 25, 2004) (papers filed with court that show "contradictions of convenience" sanctionable under Rule 11).

Even after withdrawing Detroit Law Department's representation for Defendant Billingslea when Detroit allegedly decided not to represent and indemnify him, Defendant Detroit still sought out and paid for Defendant Billingslea's legal representation. (ECF No. 219, PageID.12887, ¶ 6). Detroit paid these attorney fees for upwards of eight (8) months after deciding not to represent Defendant Billingslea. (*Id*. at PageID.12888, ¶ 10).

*iii. Master Agreement Requires Representation and Indemnification*

Despite Plaintiffs' request for all indemnification documents related to Billingslea, Defendant Detroit failed to provide the requested documentation, claiming it was not relevant. (ECF No. 136-17, PageID.2627). The Master Agreement between the City of Detroit and the DPOA states:

"The City will provide legal counsel and pay any costs and judgements that arise out of the lawsuits filed against Employees alleging any act committed while said Employee was in the good faith performance of his duties." (*See* Exhibit 1, p. 44, ¶ 27).

Detroit's ***current*** answer to Plaintiffs' amended complaint states that all individual defendants were acting legally, properly, reasonably and without malice. (ECF No. 76, PageID.1019). Billingslea's current answer, signed by the Detroit Law Department subject to Rule 11, maintains that he was acting in the good faith and in the scope of his employment with the City of Detroit. (*Id*. at PageID.1352-1354). Accordingly, through its judicial admissions to this court, Detroit is required to represent and indemnify Defendant Billingslea.

b. Detroit Has Waived the Argument that Billingslea Was Not Acting in The Good Faith Scope of Employment and Is Judicially Estopped from Denying Representation and Indemnification to Billingslea.

"The doctrine of judicial estoppel prevents a party who successfully assumed one position in a prior legal proceeding from assuming a contrary position in a later

9

proceeding." *Mirando v. United States Dep't of Treasury*, 766 F.3d 540, 545 (6th Cir. 2014) (citing *New Hampshire v. Main*, 532 U.S. 742, 749 (2001)). "Judicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." *Id*. Following the Supreme Court's guidance, courts review three factors to determine whether the doctrine applies:

> "First, a party's later position must be clearly inconsistent with its earlier position. Second, [we] regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*Id*. at 545 (citing *New Hampshire*, 532 U.S. at 750-751).

A review of these factors demonstrates that this Court should find Detroit estopped from arguing that Billingslea was not acting in the good faith performance of his duties and compelled to provide representation and indemnification on Plaintiffs' claims.

Detroit's position in this Court, that the individual defendants, including Billingslea, acted reasonably, properly, and legally, is clearly inconsistent with the position that Billingslea was not acting in the good faith performance of his duties,

10

a necessary position to deny representation and indemnification to Defendant Billingslea. (ECF No. 76, PageID.1019, ¶ 10); (Exhibit 1, p. 44, ¶ 27); Detroit City Ordinance § 13-11-3(5).

Detroit's maintenance of these two inherently contradictory positions demonstrates that Detroit is misleading this Court. Accepting Detroit's new position that Billingslea is not entitled to representation and indemnification because he was not acting in the good faith performance of his duties with the City of Detroit demonstrates that Detroit intended to mislead the Court when it argued that Billingslea acted reasonably, legally, properly, and without malice, (ECF No. 76, PageID.1019, ¶ 9-10), and when it hired two experts to opine the same. (Exhibit 2, McGuckin's Expert Report, p. 17); (Exhibit 3, Ashley's Dep. Transcript, p. 10-12).

By maintaining these two contradictory positions, Detroit has given itself an unfair advantage in the instant litigation. Detroit has withdrawn all representation for Billingslea, including the private representation it paid for after withdrawing on his behalf, and have informed Plaintiffs that the City will not indemnify Billingslea for any of the claims asserted against him in Plaintiffs' complaint. (ECF No. 226); (ECF No. 250, PageID.13470, 13475, 13481). Besides being in contradiction to Defendants' statements to this court regarding Billingslea's conduct being proper, Plaintiffs' claims against Billingslea involve incidents that occurred before May 31, 2017, claims that have survived summary judgment and include other individual

Defendants, of whom Detroit is still representing and indemnifying. (ECF No. 224, PageID.12987, 12995).

Like *Grimes*, the conduct in this case by Detroit and Detroit Law Department warrants a forfeiture of the right to withdraw representation and indemnification of Defendant Billingslea. *See Grimes v. Bessner, et al*, 17-cv-12860, ECF No. 66, PageID.843 (E.D. Mich. June 7, 2018) (Exhibit 4); *Brandon v Blech*, 560 F.3d 536, 538 (6th Cir. 2009) ("attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior.").

Given Detroit's constant and repeated hypocrisy on whether it believes Billingslea did anything unlawful, the instant case falls under the very narrow exception described in *Brandon*. Further this court in *Grimes*, reasoned:

> At the time that the Attorney General's Office agreed to represent Defendant Berger, it was aware that he would not be criminally charged and that the MSP's internal investigation had not yet concluded. The Attorney General's Office apparently intended to withdraw if the internal affairs' investigation did not result favorably to Defendant Berger, or when Defendant Berger would be unable to secure substitute counsel due to a lack of income. This conduct has, in essence, left Defendant Berger defenseless.

*Grimes'* ECF No. 66, PageID.850 (Exhibit 4, p. 8).

Applying that same logic to the instant case, Detroit should be ordered to represent and indemnify Mr. Billingslea, even more so than the AAG in *Grimes*.

In *Grimes*, the AG "was aware that he would not be criminally charged and that the MSP's internal investigation had not yet concluded…" *Grimes*, ECF No. 66, PageID.850.

However, in the case at hand, Detroit's law department continued to represent Billingslea ***after*** Billingslea was criminally charged, and even ***after*** Billingslea was convicted and sentenced. Billingslea pled no contest on Aug. 30, 2018, was sentenced on Sept. 21, 2018; and Detroit Law Dept then filed an Answer on Billingslea's behalf on March 4, 2019, subject to Rule 11, claiming among other things that Billingslea's actions were lawful, proper, and reasonable. (ECF No. 84).

The necessity to order representation and indemnification is magnified even more so, when analyzing Count 12, which is based on an April 27, 2016 incident. There is simply no basis whatsoever for Detroit to abandon Billingslea for this claim.

Further, as noted by the Court in *Grimes*, withdrawing Billingslea's legal representation at two different points throughout the case and claiming he will not be indemnified for any of his actions, despite arguing at all times that his actions were reasonable, legal, and proper, has created prejudice to Plaintiffs in their ability to effectively litigate their claims against Billingslea and Detroit. *See Grimes*, ECF No. 66, PageID.851 ("Such conduct not only leaves Defendant Berger severely prejudiced … but also inevitably causes further harm to the Plaintiff…"); (citing *KCI*

*United States, Inc. v Healthcare Essential, Inc.*, No. 1:14cv549, 2018 U.S. Dist.

LEXIS 47438, at *5-6 (N.D. Ohio Mar. 21, 2018)).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully requests that the Court GRANT the

instant motion and order the following:

A) Detroit is obligated to indemnify and represent Billingslea,

B) Detroit may not amend its Answers in ECF No. 76 and ECF No. 84, and

therefore Detroit's position moving forward is that Billingslea's actions

were with the good faith and Billingslea's actions were legal, proper, and

reasonable, and that that Billingslea was "an employee of CITY OF

DETROIT and was working in the course of his or her employment and

within the scope of his or her authority" and that he was acting "in good

faith and without malice and within the scope of his or her duties as a Police

Officer of The City Of Detroit…"

C) <u>As an alternative relief</u>: That the settlement is rescinded so that plaintiffs

may renew their motion for reconsideration, ECF No. 227, including the

Court's Order granting of Summary Judgment on Plaintiff's *Monell* claim,

D) All other relief this court deems proper.

14

For these reasons and the reasons stated in the attach brief, Plaintiffs respectfully request this Court GRANT Plaintiff's Motion To Compel Representation and Indemnification.

Respectfully Submitted,

JOHNSON LAW, PLC

Dated: May 3, 2021       By: */s/ Solomon M. Radner*
                         Solomon M. Radner (P73653)
                         Attorney for Plaintiffs
                         535 Griswold St, Suite 2600
                         Detroit, MI 48226
                         (313) 324-8300
                         Sradner@VenJohnsonLaw.com

## CERTIFICATE OF SERVICE

Undersigned hereby states that on May 3, 2021, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of document was served on all parties through their counsel of record, via the Court's CM/ECF electronic filing system.

*/s/ Solomon M. Radner*
Solomon M. Radner, Esq.

15