# EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE GRIMES, as Personal
Representative of the Estate of
DAMON GRIMES, Deceased,

        Plaintiff,

v.

TROOPER MARK BESSNER, *et al.*,

        Defendants.
_____/

CASE NO. 17-cv-12860
HON. GERSHWIN A. DRAIN

### **ORDER DENYING WITHOUT PREJUDICE MOTION FOR WITHDRAWAL [#59], GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [#61], TERMINATING JOSEPH T. FROEHLICH AS COUNSEL TO DEFENDANT BERGER AND SETTING BRIEFING SCHEDULE ON ORAL MOTION TO STRIKE**

**I.**    **INTRODUCTION**

Presently before the Court is the Attorney General's Office's Motion to Withdraw as Counsel for Defendant Ethan Berger, filed on May 2, 2018. Plaintiff filed a Response in Opposition on May 16, 2018 and the Attorney General's Office filed a Reply on May 23, 2018. Plaintiff filed a Supplemental Brief in Opposition on May 24, 2018.[1] On June 3, 2018, the Michigan State Police Troopers

---

[1] At the hearing on this matter, the Attorney General's Office orally moved to strike Plaintiff's Supplemental Brief. The Court set a briefing schedule on the Attorney General's Office's oral motion. The Attorney General's Office shall file

Association ("MSPTA") filed an Amicus Curiae brief which includes the MSPTA's statement of position on the Attorney General's Office's Motion to Withdraw. The MSPTA requests that the Court hold the Attorney General's Office's Motion to Withdraw in Abeyance until the conclusion of the arbitration proceedings, which will finally resolve the issues relative to Defendant Berger's employment and the Attorney General's Office's representation of Defendant.

A hearing on this matter was held on June 5, 2018. For the reasons that follow, the Court will deny without prejudice the Attorney General's Office's Motion to Withdraw.[2]

## II. FACTUAL BACKGROUND

On December 28, 2017, the Attorney General's Office filed a notice of appearance on behalf of Defendant Berger in the case of *Grimes v. Berger*, No. 13580, which has been consolidated with the instant action. At that time, the Attorney General's Office knew that Defendant Berger would not be criminally charged for his conduct during the incident giving rise to this action. Also, at that

---

its brief no later than June 15, 2018. Plaintiff shall file her Response no later than June 22, 2018.

[2] At the hearing, the Court inquired as to the Attorney General's Office's position regarding Plaintiff's Motion for Leave to File Second Amended Complaint, which was filed on May 15, 2018. The Attorney General's Office advised the Court that it had no opposition to Plaintiff's request for leave to file a Second Amended Complaint. Because the Court has denied the Attorney General's Office's Motion to Withdraw, the Attorney General's Office shall file a Response to Plaintiff's Second Amended Complaint.

2

time, the action herein had been stayed pursuant to a request by the State of Michigan and the Michigan State Police (collectively "MSP"), through the Attorney General's Office, pending the outcome of the criminal investigation of Defendants Mark Bessner and Berger.[3]

Because the temporary stay was set to expire on December 28, 2017, the MSP, through the Attorney General's Office, moved for an indefinite extension of the stay until the conclusion of Defendant Bessner's criminal trial for second degree murder and involuntary manslaughter even though the Attorney General's Office did not represent Defendant Bessner. On February 23, 2018, the Court denied the request for an indefinite stay.

On March 27, 2018, the Court conducted a scheduling conference in this matter. At the conference, the Attorney General's Office advised the Court that an internal affairs investigation of Defendant Berger's conduct had been completed and proposed his termination from employment with the MSP as of March 20, 2018. The Court was further advised that the Attorney General's Office would

---

[3] Defendant Bessner's criminal trial charging him with second degree murder and two counts of manslaughter was recently adjourned and is now scheduled to commence on August 20, 2018. A final pretrial conference is set for June 8, 2018. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3654884. The MSPTA respectfully requests that the Court *sua sponte* stay these civil proceedings against Defendant Bessner until the conclusion of his criminal trial since neither Defendant Bessner nor his criminal attorney have sought a stay herein.

3

most likely seek to withdraw from representation. Apparently, on April 30, 2018, the Attorney General's Office was directed to file a motion to withdraw.

The MSPTA has filed a grievance concerning Defendant Berger's proposed termination, as well as a grievance challenging the Attorney General's Office's withdrawal from representation. An arbitrator is set to hear both grievances on June 18, 2018. The MSPTA surmises that a final decision by the arbitrator could occur by October 1, 2018, or perhaps as early as mid-August.

The Court entered a Scheduling Order in this matter on March 28, 2018. Discovery is due by October 27, 2018, dispositive motions are due by February 11, 2019, and a jury trial is scheduled for July 9, 2019.

Lastly, on May 22, 2018, the parties engaged in early facilitation. In Plaintiff's Supplemental Brief, she asserts various complaints concerning the conduct of counsel from the Attorney General's Office. This filing is the subject of the Attorney General's Office's oral Motion to Strike raised during the hearing on this matter.

### III. LAW & ANALYSIS

It is within the discretion of the district court whether to permit an attorney to withdraw from representation of a client. *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). The Sixth Circuit has noted that while the "rules stop short of

4

guaranteeing a right to withdraw, they confirm that withdrawal is presumptively appropriate where the rule requirements are satisfied." *Id.* at 538.

Under this Court's local rules, an attorney's appearance continues until final resolution of all claims by or against the party represented, or until a withdrawal or substitution order has been entered. *See* E.D. Mich. L.R. 83.25(b)(1); (b)(2). The Court's local rules further specify that the Rules of Professional Conduct adopted by the Michigan Supreme Court apply to members of the bar who appear in the Eastern District of Michigan. E.D. Mich. L.R. 83.22(b). Under Michigan's Rules of Professional Conduct, an attorney may withdraw if withdrawal can be accomplished "without material adverse effect on the interests of the client, or if . . . other good cause for withdrawal exists." M.R.P.C. 1.16(b)(6).

Neither party has provided the Court with any authority—controlling or persuasive—that is on point with the factual circumstances herein. The Court has searched for authority, but has only found decisions focusing on withdrawal requests based on a client's non-payment of fees pursuant to Rule 1.16(b)(4) as opposed to the catchall "other good cause" provision set forth in Rule 1.16(b)(6). These cases indicate that while the rules suggest that withdrawal is presumptively appropriate, "[t]here are, of course, several occasions when a district court ought to prohibit counsel from withdrawing." *Brandon*, 560 F.3d at 538. Such instances may occur when attorneys "engage in strategically-timed or coercive behavior, like

waiting until a client is 'over a barrel' before demanding payment." *Id.* Additionally, withdrawal may be appropriately denied if withdrawal "would work severe prejudice on the client or third parties." *Id.* However, leaving a client without counsel does not amount to severe prejudice if the case is inactive, with no imminent deadlines and ample time remains for the client to retain new counsel. *Id.*; *see also King v. Curtis*, 610 F. App'x 534, *539 (6th Cir. May 7, 2015) (noting that "leav[ing] a client without representation—absent something more—does not constitute severe prejudice."). The Court will consider the parties' arguments with these principles in mind.

The Attorney General's Office maintains that good cause for permitting withdrawal exists, namely that Defendant Berger, the Court and the Plaintiff's counsel were all informed at the outset of this matter that the Attorney General's Office's involvement was provisional. Since Defendant Berger has been terminated from his employment consistent with applicable civil service rules and the collective bargaining agreement, withdrawal should be permitted. Lastly, the Attorney General's Office notes that the complaint has been answered, initial discovery has been exchanged and the parties have conducted an early facilitation. As such, any prejudice to Defendant Berger can be addressed by the Court in a modified scheduling order.

Plaintiff counters that the Attorney General's Office has failed to demonstrate good cause for withdrawal. She argues that this is the Office's latest attempt to avert justice for the Estate of Damon Grimes and the fact that the Attorney General seeks to withdraw after rendering Defendant Berger jobless and without income to afford private counsel is callous and deplorable. Plaintiff further asserts that pursuant to the applicable Collective Bargaining Agreement ("CBA"), once a determination has been made to provide representation to an employee, the Attorney General's Office is bound by that determination. Plaintiff relies on section 12 of the CBA, which states in relevant part:

> Whenever any civil action is commenced against any employee alleging negligence or other actionable conduct, if the employee was in the course of employment at the time of the alleged conduct and had a reasonable basis for believing that the conduct was within the scope of the authority delegated to the employee, the Employer shall, at its option, pay for or engage or furnish the services of an attorney to advise the employee as to the claim and to appear for and represent the employee in the action.

*See* Plf.'s Resp., Ex. 1 at Pg ID 662. Plaintiff asserts that basic principles of contract interpretation preclude the relief sought herein, that is, nothing in the CBA's language permits the MSP to issue a reservation of rights letter or rescind its decision to provide counsel.

Here, while the Court declines to find persuasive Plaintiff's argument concerning contract interpretation, nor its reliance on case law concerning withdrawal in the criminal context, *see United States v. Mack*, 258 F.3d 548 (6th

7

Cir. 2001), the Court nonetheless concludes that the Attorney General's Office has failed to establish good cause for the relief it seeks. The Sixth Circuit has indicated that "attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior . . . ." *Brandon*, 560 F.3d at 538. It appears to the Court that from the outset of the instant proceedings, the Attorney General's Office has engaged in strategically-timed behavior to represent the interests of Trooper Berger in defending him on the claims brought by Plaintiff.

The Attorney General's Office has taken the position throughout the instant proceedings that the Plaintiff prematurely filed the instant action because she did not wait for the MSP's and the criminal justice system's investigations, which ignores our system of justice and an individual's right to file a lawsuit at the point a constitutional violation has occurred. Moreover, it appears the Attorney General's Office is engaging in conduct that warrants a forfeiture of the presumptive right to withdraw, at least at this juncture of the proceedings.

At the time that the Attorney General's Office agreed to represent Defendant Berger, it was aware that he would not be criminally charged and that the MSP's internal investigation had not yet concluded. The Attorney General's Office apparently intended to withdraw if the internal affairs' investigation did not result favorably to Defendant Berger, or when Defendant Berger would be unable to secure substitute counsel due to a lack of income. This conduct has, in essence,

8

left Defendant Berger defenseless. Such conduct not only leaves Defendant Berger severely prejudiced because discovery is ongoing in this matter, but also inevitably causes further harm to the Plaintiff who has already been subjected to delay in the instant proceedings. *See KCI United States, Inc. v. Healthcare Essentials, Inc.*, No. 1:14CV549, 2018 U.S. Dist. LEXIS 47438, *5-6 (N.D. Ohio Mar. 21, 2018) (denying motion to withdraw because "withdrawal would severely burden the litigants in this lawsuit" including the defendant because the court lacked any indication that he "possesses the knowledge or ability to prepare his case pro se or effectively represent himself during the remainder of the lawsuit."). Such conduct is also at odds with the Rules of Professional Conduct, which advise that, "*[a] lawyer should not accept representation in a matter unless it can be performed* competently, promptly, without improper conflict of interest and *to completion*." M.R.P.C. 1.16, comment (emphasis supplied).

Additionally, the Court finds the argument advanced by the MSPTA to be persuasive. There is no good faith basis for the Attorney General's Office to be permitted to withdraw at this juncture when there is a possibility that the arbitrator will reverse the decision to deny Defendant Berger representation. Such a decision could occur as early as mid-August or no later than early October. Even if the Attorney General's Office's decision to deny representation is upheld, it has

9

advanced no prejudice stemming from continued representation of Defendant Berger from today's date through early October of this year.

This case is not inactive and discovery will close on October 27, 2018, or very near to the time that the arbitrator will issue his decision. As such, withdrawal at this juncture will require additional delay occasioned, once again, by the Attorney General's Office. It will prejudice Defendant Berger who will be forced to either find and pay substitute counsel with no current income or to proceed without the benefit of counsel without any apparent ability to effectively represent his interests herein.

Withdrawal will also severely prejudice the Plaintiff, who has already been subjected to a stay in these proceedings at the request of the Attorney General's Office, which at the time of its request, was not a party to the instant proceedings, nor did it represent Defendant Berger or any party in the litigation. *KCI United States*, 2018 U.S. Dist. LEXIS 47438, at *6 (denying withdrawal because "the current stage of litigation suggests that counsel's "withdrawal will likely have an irreparable and unavoidable prejudicial effect on Plaintiff" where the "case has been ongoing for a substantial length of time and is at a critical stage[,]" thus, "judicial economy and efficiency would be negatively impacted by any further delay in the case.").

Lastly, in addition to failing to satisfy the catchall "good cause" provision set forth in M.R.P.C. 1.16(b)(6), the Court notes that counsel, as an employee of the Attorney General's Office, is a salaried employee whose continued representation will not impact his livelihood. This circumstance separates this case from those where withdrawal is presumptive and permitted upon satisfaction of the Rules of Professional Conduct.

### IV. CONCLUSION

For the reasons articulated above, the Attorney General's Motion to Withdraw [#59] is DENIED WITHOUT PREJUDICE. Because Joseph T. Froelich has left the Attorney General's Office for private practice, his representation of Defendant Berger is HEREBY TERMINATED.

Plaintiff's Motion for Leave to File Second Amended Complaint [#61] is GRANTED. Plaintiff shall file her Second Amended Complaint forthwith. The Attorney General's Office shall file Defendant Berger's Answer to the Second Amended Complaint in accordance with the applicable Federal Rules of Civil Procedure.

The Attorney General's Office shall file a brief in support of its oral Motion to Strike no later than June 15, 2018. Plaintiff shall file her Response no later than June 22, 2018.

SO ORDERED.

Dated: June 7, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 7, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

12