# EXHIBIT 5



**User Name:** Maddy Sinkovich
**Date and Time:** Monday, May 3, 2021 4:26:00 PM EDT
**Job Number:** 142948856

## Document (1)

1. *Meznarich v. Morgan Waldron Ins. Mgmt. LLC, 2012 U.S. Dist. LEXIS 18403*
   **Client/Matter:** Craft/Jackson

 Neutral
As of: May 3, 2021 8:26 PM Z

# Meznarich v. Morgan Waldron Ins. Mgmt. LLC

United States District Court for the Northern District of Ohio, Eastern Division

February 14, 2012, Decided; February 14, 2012, Filed

CASE NO. 1:10CV2532

**Reporter**
2012 U.S. Dist. LEXIS 18403 *; 2012 WL 487963

Frank J. Meznarich, SR., et al., Plaintiffs, v. Morgan Waldron Insurance Management LLC, et al., Defendants.

**Prior History:** Meznarich v. Morgan Waldron Ins. Mgmt., LLC, 2011 U.S. Dist. LEXIS 113237 (N.D. Ohio, Sept. 30, 2011)

## Core Terms

withdraw, parties, motion to withdraw, underfunding, unpaid, deny a motion, discovery, lawsuit

**Counsel:** [*1] For Frank J. Meznarich, Sr., Cale B. Pearson, Patrick Shutic, Plaintiffs: Joyce Goldstein, LEAD ATTORNEY, Susan L. Gragel, Teresa R. Pofok, Goldstein Gragel, Cleveland, OH.

For Morgan Waldron Insurance Management LLC, Beverly Morgan, James Waldron, American Workers Master Benefit Plan, Inc., American Workers Master Benefit Trust - UWUA Local 270, Defendants: Bradley S. Tupi, LEAD ATTORNEY, Danielle L. Dietrich, Tucker & Arensberg, Pittsburgh, PA; Joyce Goldstein, Goldstein Gragel, Cleveland, OH; Michael A. Shiner, PRO HAC VICE, Tucker & Arensberg, Pittsburgh, PA.

For American Workers Master Benefit Plan For Employees Of First Energy Corporation Represented By Local 270 Of UWUA, Defendant: Bradley S. Tupi, LEAD ATTORNEY, Danielle L. Dietrich, Tucker & Arensberg, Pittsburgh, PA; Joyce Goldstein, Goldstein Gragel, Cleveland, OH.

For PNC, Investments, LLC, Defendant: Bradley S. Tupi, Danielle L. Dietrich, Tucker & Arensberg, Pittsburgh, PA; Joyce Goldstein, Goldstein Gragel, Cleveland, OH; Michael A. Shiner, PRO HAC VICE, Tucker & Arensberg, Pittsburgh, PA.

For The PNC Financial Services Group, Inc., Defendant: Bradley S. Tupi, Danielle L. Dietrich, Tucker & Arensberg, Pittsburgh, PA; Joyce [*2] Goldstein, Susan L. Gragel, Goldstein Gragel, Cleveland, OH; Michael A. Shiner, PRO HAC VICE, Tucker & Arensberg, Pittsburgh, PA.

For American Workers Master Benefit Plan, Inc., American Workers Master Benefit Plan For Employees Of First Energy Corporation Represented By Local 270 Of UWUA, Morgan Waldron Insurance Management LLC, 3rd Party Plaintiffs: Bradley S. Tupi, LEAD ATTORNEY, Danielle L. Dietrich, Tucker & Arensberg, Pittsburgh, PA; Joyce Goldstein, Goldstein Gragel, Cleveland, OH; Michael A. Shiner, PRO HAC VICE, Tucker & Arensberg, Pittsburgh, PA.

For First Energy Corporation, 3rd Pty Defendant: Christopher S. Williams, Colleen M. O'Neil, LEAD ATTORNEYS, Jeffrey J. Lauderdale, Calfee, Halter & Griswold - Cleveland, Cleveland, OH; Joyce Goldstein, Goldstein Gragel, Cleveland, OH.

For Utility Workers Union of America, Local 270, 3rd Pty Defendant: Susan L. Gragel, LEAD ATTORNEY, Joyce Goldstein, Goldstein Gragel, Cleveland, OH.

For United Medical Resources, Inc., 3rd Pty Defendant: Christopher Flynn, PRO HAC VICE, Michael W. Lieberman, Crowell & Moring - Washington, Washington, DC; Deborah A. Coleman, Hahn, Loeser &

Parks - Cleveland, Cleveland, OH; Joyce Goldstein, Goldstein Gragel, **[*3]** Cleveland, OH.

**Judges:** Benita Y. Pearson, United States District Judge.

**Opinion by:** Benita Y. Pearson

## Opinion

**MEMORANDUM OF OPINION AND ORDER**

[Resolving ECF No. 108]

### I. INTRODUCTION

Before the Court is the Motion to Withdraw as Counsel (ECF No. 108) filed by Tucker Arensberg, P.C. ("Counsel"), attorney for Defendants/Third Party Plaintiffs Morgan Waldron Insurance Management LLC, Beverly Morgan, and James Waldron (collectively "Morgan Waldron"). Third Party Defendants, FirstEnergy Corporation ("FirstEnergy") opposes the motion. ECF No. 109. After reviewing the motion and the responsive brief, the Court denies the motion for the reasons discussed below.

### II. BACKGROUND

Plaintiffs, Frank J. Meznarich, Sr., Patrick Shutic, and Cale B. Pearson (collectively, "Plaintiffs"), initiated this class action lawsuit on behalf of themselves and other union members against Morgan Waldron on November 5, 2010. ECF No. 1. In their Amended Complaint, Plaintiffs alleged that Morgan Waldron, in their capacities as Plan Administrators and/or fiduciaries of an ERISA benefit plan ("the Plan") caused a severe underfunding of the Plan such that routine claims by participants were going unpaid. ECF No. 19. Morgan Waldron responded by denying these **[*4]** allegations and by filing a Third Party Complaint (ECF No. 39) against FirstEnergy-employer of Plaintiffs, and two other Third Party Defendants.

Soon thereafter, First Energy informed the Court that it would agree to fund the Plan's outstanding claims in return for the parties' agreement that FirstEnergy would be able to seek recompense from Morgan Waldron and/or other parties whom may have caused the underfunding. In order to facilitate this proposal, the Court delayed the briefing schedule, and convened several conferences to aid the parties in developing a process whereby FirstEnergy's funds would be used to pay outstanding medical claims.

On June 7, 2011, the Court entered an Order, which memorialized the arrangement to process the unpaid claims. ECF No. 92. The Order also specifically reserved certain rights to FirstEnergy. Relevant here, Paragraph 9 of the Agreed Order expressly addressed FirstEnergy's standing to seek recovery from Morgan Waldron:

> 9. The parties' compliance with this Order does not constitute any admission of liability or the validity of any of the claims or defenses raised in the litigation. All parties reserve their rights regarding claims and defenses raised **[*5]** in this litigation. Further, all Parties reserve the right, at the appropriate time, to seek reimbursement for any costs or expenses related to this Order and its execution. Furthermore, FirstEnergy has agreed to lend money to fund the ERISA Plan at issue with the expectation that it will be able to pursue a recovery from any and all persons who may be responsible for the underfunding and losses suffered by the ERISA Plan. FirstEnergy, therefore, has standing, up to the amount it contributes to the Plan, to bring and pursue claims, whether brought under ERISA or otherwise, against any persons who may be liable for the Plan's losses.

ECF No. 92 at 3-4.

On December 19, 2011, the parties moved the Court for a conference to discuss the status of the processing of claims. ECF No. 104. After the Court was notified that the overwhelming majority of the unpaid claims had been paid, the Court informed the parties that the focus of the case would return to resolving the underlying legal issues of the case, including determining which parties were liable for the underfunding of the Plan. Pursuant to this discussion, on January 17, 2011, the Court issued a scheduling order, which indicated that **[*6]** discovery would commence on February 13, 2012, and that a cutoff for filing dispositive motions would soon follow. ECF No. 106.

On January 20, 2012, Counsel filed the instant motion formally requesting to withdraw as Morgan Waldron's Counsel.[1] In the motion, Counsel informed the Court that on November 28, 2011, Magistrate Judge Robert Mitchell of the United States District Court for the Western District of Pennsylvania ruled in favor of Morgan Waldron's insurers against Morgan Waldron in a declaratory judgment action. See ACE Capital Ltd. v. Morgan Waldron. Ins. Mgmt., LLC, 832 F. Supp. 2d 554, 2011 U.S. Dist. LEXIS 135902 (W.D. Pa. Nov. 28, 2011). That Court specifically ruled that Morgan Waldron's insurers did not owe a duty to provide defense or indemnification with respect to the Pennsylvania litigation and an additional lawsuit involving Morgan Waldron. Counsel further indicated that the decision had not been appealed, and, as a result of that ruling, Morgan Waldron would not have insurance coverage with respect to the liabilities asserted against them in the instant action nor with respect to the legal fees incurred in defending this action. Id. Of course, Counsel is well aware, that the Pennsylvania [*7] district court ruling is not binding on this Court.

As an additional ground for withdrawal, Counsel stated that Morgan Waldron presently owed Counsel a substantial amount for legal services, and that they could not continue to represent their client if they have not paid their legal fees in accordance with the parties' engagement agreement. ECF No. 108 at 1-2.

On January 31, 2012, FirstEnergy filed a brief opposing Counsel's request to withdraw, asserting that it would be unfairly prejudiced by Counsel's withdrawal. ECF No. 109. FirstEnergy argued that Counsel's withdrawal would only cause further delays and leave FirstEnergy without means to conduct the discovery it needs to prove its claims. FirstEnergy reminded the Court that it willingly invested over one million dollars in the underfunded Plan, without an obligation to do so, in exchange for the ability to seek recompense from Morgan Waldron and/or other persons responsible for the Plan's underfunding. Thus, First Energy contends that it would be unfair to allow Counsel to withdraw, [*8] soon after Morgan Waldron benefited from FirstEnergy's generosity, and before FirstEnergy obtains its recompense. FirstEnergy, therefore, requested that the Court deny the motion to withdraw until such time as Morgan Waldron executes a stipulated case schedule and obtain substitute Counsel. ECF No. 109. The Court agrees.

## III. STANDARD

Attorney withdrawal issues are committed to the court's discretion. See Gerber v. Riordan, 2011 U.S. Dist. LEXIS 136283, *3 (N. D. Ohio 2011) (citing Brandon v. Blech, 560 F.3d 536, 537 (6th Cir. 2009)). And, when ruling on a motion to withdraw, the court looks to the rules governing attorneys' professional conduct for guidance. See Brandon, 560 F.3d at 537-38.

Under Rule 83.9 of the Local Rules for the United States District Court for the Northern District of Ohio, "[t]he attorney of record may not withdraw, . . . without first providing written notice to the client and all other parties and obtaining leave of Court." Concomitantly, the Ohio Rules of Professional Conduct, which also govern in this proceeding,[2] provide that an attorney may withdraw from representation when any of the following apply:

> (1) withdrawal can be accomplished without material adverse [*9] effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
> (7) the client gives informed consent to termination of the representation;
> (8) the lawyer sells the law practice in accordance with Rule 1.17;
> (9) other good cause for withdrawal exists.

Ohio Prof. Cond. Rule 1.16.

---

[1] Counsel had informed the Court of its intention to seek withdrawal during the telephonic status conference held a few days prior, on January 13, 2012.

[2] See Ohio Fed. Dist. Ct. (N.D.), Civ. LR Rule 83.7.

## IV. DISCUSSION

Counsel appears to have satisfied the criteria for withdrawal under each set of rules. According to Counsel's representations to the Court, the Morgan Waldron [*10] Defendants are not paying their legal fees, which clearly amounts to a substantial failure to fulfill a financial obligation owed to Counsel under *Ohio Rule 1.16(b)(5)*. And, given that Counsel has indicated its intention to withdraw by filing the instant motion and informing its clients of such through written and telephonic communication, Counsel has complied with the notice requirements of both *Local Rule 83.9* and *Rule 1.16(b)(5)*. ECF No. 108 at 2-3.

The analysis does not, however, end here. The Sixth Circuit Court of Appeals has found that satisfying the rules of professional conduct does not guarantee a right to withdraw. *See Brandon v. Blech, 560 F.3d 536, 538 (6th Cir. 2009)*. Rather, compliance merely confirms that the withdrawal is "presumptively appropriate." *Id*. Moreover, this presumption can be rebutted by a showing that counsel's withdrawal would be unfairly prejudicial to any party or would amount to "strategically timed or coercive behavior." *Id. at 538* (citing *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540-41 (7th Cir. 2002)*. The Court finds that both showings are present in the instant case and heavily weigh in favor of denying the motion [*11] to withdraw.

With respect to prejudice, it is evident that Counsel's withdrawal would burden the litigants in this lawsuit, including Counsel's clients-Morgan Waldron. In federal courts, a corporation must be represented by Counsel,[3] and this requirement cannot be waived. *See Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993)* ("a corporation may appear in the federal courts only through licensed counsel"). Therefore, given that at least one of the Morgan Waldron Defendants is a corporate entity, Counsel's withdrawal would inevitably stifle that party's ability to participate in the scheduled litigation efforts. As to the non-corporate Morgan Waldron parties to whom this rule does not apply, one cannot help but to draw the same conclusion. The record before the Court lacks any indication that the individual Morgan Waldron Defendants possess the knowledge or ability to prepare their case *pro se* or effectively represent themselves during the remainder of the lawsuit.

Additionally, the current stage of litigation suggests that counsel's withdrawal will have a irreparable and unavoidable prejudicial effect on the parties involved. *See Buschmeier v. G&G Invs., Inc., 222 Fed. Appx. 160, 164 (3d Cir. 2007)* [*12] ("One factor to consider in any prejudice analysis is the stage of litigation."). As illuminated by First Energy's brief in opposition, this case has already been pending for a substantial length of time due to the parties involvement in processing payments for the unpaid medical claims. Pursuant to the Court's January 17, 2012 Order, effective February 13, 2012, the moratorium on discovery has been lifted, allowing the parties to prepare for the for the eventual filing of dispositive motions. ECF No. 106. Withdrawal by Counsel at this crucial stage would, minimally, severely hamper the ability of the Morgan Waldron Defendants to participate in the discovery process and, at worst, completely halt the ongoing litigation and leaving the Court without the ability to effectively communicate with Morgan Waldron LLC-a central player in this dispute. *Compare Brandon, 560 F.3d at 538* (finding that withdrawal of counsel would not amount to severe prejudice because, even though the party would be without counsel, the case remained inactive, with no imminent deadlines).

While not wishing to disparage Counsel, it can be reasonably said that Counsel's efforts to withdraw at this juncture amounts [*13] to opportunistic behavior, which arguably provides the Court with an additional basis upon which to deny Counsel's request. *See Brandon, 560 F.3d at 538* (stating that "attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior"). As highlighted by First Energy, the Court finds it striking that Counsel seeks to withdraw soon after First Energy fund's satisfied the unpaid claims and just prior to start of discovery. Thus, Counsel's request to withdraw could arguably be viewed as a strategic move, committed on behalf of Morgan Waldron, to specifically coerce the parties into dismissing the lawsuit, or perhaps more generally, to eschew the responsibility of staying actively involved in this litigation. After all, Counsel's motion only indicates that Morgan Waldron has not paid, which is drastically different from informing the Court that Morgan Waldron does not possess the ability to pay or perhaps has refused to do so.[4] Additionally, the Court finds it concerning that the Morgan Waldron Defendants have not appealed the decision of the Pennsylvania

---

[3] *See 28 U.S.C. § 1654*.

[4] The motion simply notes that Defendants remain unable to meet their financial [*14] obligation.

Magistrate Judge.

While ultimately the Court cannot ascertain the true motive for Counsel's motion to withdraw, the Court remains confident that if the request were granted at this juncture, FirstEnergy will most certainly be decidedly disadvantaged in seeking recompense, to the extent that is even possible. See *Fidelity, 310 F.3d at 541* (stating "severe prejudice to third parties-who might have more to lose than the unpaid lawyer-is another potential ground for denying a motion to withdraw" and that "a judge may insist that counsel resolve differences with clients in a fashion that curtails strangers' avoidable losses.").

Thus, in light of the foregoing, Counsel's motion is denied. Counsel may renew its motion to withdraw when circumstances change such that (1) the aforementioned factors no longer strongly weigh in favor of denying withdrawal or (2) replacement counsel enters an appearance.

The Court is fully aware that there are policy reasons supporting withdrawal under circumstances in which a client has not met its financial obligations to an attorney. Compare *Brandon, 560 F.3d at 539* (finding that the district court abused its discretion in denying counsel's motion to withdraw because **[*15]** the Court failed to identify countervailing prejudicial concerns that supported denying the motion). The Court does not find that those policy reasons dictate here. The overwhelming concerns of prejudice heavily weigh in favor of not permitting Counsel to withdraw from these proceedings before replacement Counsel has made an appearance.

## V. CONCLUSION

For the reasons discussed above, Counsel's motion to withdraw is DENIED.

IT IS SO ORDERED.

February 14, 2012

Date

/s/ *Benita Y. Pearson*

Benita Y. Pearson

United States District Judge

**End of Document**